## EX PARTE HICKS TERRELL.

### No. 1793. Decided December 7, 1898.

**1. Occupation Tax—Municipal Ordinance—Levy of Where State Has Not Levied.**

Municipalities can not, by ordinance, levy an occupation tax upon the carrying on of occupations or pursuits where no occupation tax has been previously levied by the State on said occupation or pursuit. Article 8, section 1, of the Constitution provides that occupation taxes levied by cities shall not exceed one-half the taxes levied thereon by the State, and the tax must have been first imposed, for the benefit of the State on each occupation before it is subject to a city tax.

**2. Same.**

Our statutes were never intended to confer upon a municipal corporation the power to tax an occupation not taxed by the State.

**3. Same—City Ordinance Unconstitutional.**

A city ordinance imposing an occupation tax upon the use of vehicles, where such pursuit has not been taxed by the State, is unconstitutional and void.

FROM Bell County. Original application to the Court of Criminal Appeals for writ of habeas corpus.

The opinion states the case.

*J. B. McMahon* and *W. L. McDonald,* for relator.—The license tax imposed upon the draymen of the city of Temple is in effect an occupation tax on an occupation not taxed by the State, and is therefore void. Ex Parte Gregory, 1 Texas Crim. App., 753; Ex Parte Slaren, 3 Texas Crim. App., 662; Hoefling v. City of San Antonio, 20 S. W. Rep., 85; Laredo v. Lowry, 20 S. W. Rep., 89.

*Mann Trice,* Assistant Attorney-General, for respondent.

DAVIDSON, JUDGE.—Relator was convicted for violating a city ordinance of the city of Temple, imposing an annual occupation tax of $10 upon hacks drawn by two horses, and his punishment assessed at a fine of $10. Said tax, when collected, was put into the general treasury of the city, and paid out, like all other funds of the city, to pay current debts and claims against said city. Upon refusing to pay the fine, he was arrested by the marshal of said city, and resorted to the writ of habeas corpus to secure his discharge from custody.

The ordinance under which he was arrested reads as follows: "For every vehicle kept for public use, a tax of ten dollars, when drawn by two or more horses; and when drawn by one horse, a tax of five dollars." It is contended by the city that its authority for this ordinance is found in article 490 of the Revised Statutes, as follows: "The city council shall have power to levy and collect taxes, commonly known as licenses, upon trades, professions, callings and other business carried on; and upon carriages, hacks, coaches, buggies, drays, carts, wagons and other vehicles used in said city, when the same are for public use," etc. The authority for the punishment of a violation of said ordinance is claimed by authority of the provisions of article 494, Id. This articles provides that "the license tax shall be collected by the assessor and collector, and shall be paid to that officer by each and every person and firm owing such license and before engaging in any trade, profession, business, calling, avocation or occupation subject to said tax; and if any person shall engage in any business, calling, avocation or occupation which by an ordinance of the said city is subject to a license tax, without first having obtained said license, he, she, or they shall, on conviction before the mayor or recorder's court, be liable to imprisonment or a fine of ten dollars, or both imprisonment and such fine, for each day such violation of said ordinance may continue, and this article shall apply to all persons owing any license and failing to pay the same: provided, that the city council may collect said license tax by suit in any court having jurisdiction, under such rules and regulations as they may provide by ordinance; said taxes, commonly known as licenses, laid as herein provided, shall not be construed to be a tax on property within the meaning of article 89, or any other article of this title."

If said city is authorized to create the ordinance in question, it is under these two articles of the Revised Statutes, the city being incorporated under this general act. Is the ordinance valid? We think not. Section 1, article 8, Constitution, requires that taxation be equal and uniform; and provides further: "That the occupation tax levied by any county, city or town, for any year, on persons or corporations pursuing any profession or business, shall not exceed one-half of the tax levied by the State for the same period on such profession or business." Hirshfield v. City of Dallas, 4 Court of Appeals Civil Cases, section 177, 15 Southwestern Reporter, 124, is cited as authority in support of the proposition that ordinances of the character under discussion were not prohibited by this clause of the Constitution, where the State by general law had not laid an occupation tax upon the same business, calling, or profession. The same question again came before the Supreme Court, as well by this court, in June, 1892. It was claimed in each of those cases that, inasmuch as the State had not laid or required an occupation tax on persons engaged in business on account of which the tax was levied and received by the city, therefore the city had no power to impose such tax. This is one of the questions insisted upon by the relator in this case. The proviso of the Constitution above quoted underwent

investigation and criticism both by the Supreme Court and this court in those cases. See Hoefling v. City of San Antonio (Texas Sup.), 20 S. W. Rep., 85; City of Laredo v. Loury (Texas App.),Id., 89. The Supreme Court used this language: "The purpose of so much of the Constitution as is quoted was evidently to place a limitation on the power of municipal corporations to levy and collect municipal taxes; to deny to them the unrestricted power to tax any occupation. Under the Constitution, the sum a municipal corporation may collect as a tax on a given occupation can not exceed 'one-half of the tax levied by the State for the same period on such profession or business,' and this necessarily involves the proposition that the Legislature must determine that the occupation shall be taxed for the benefit of the State before a municipal corporation can tax it at all. When the Legislature has declared that a named occupation shall be taxed, and has fixed the amount of the tax, then, and not before, has a county, city, or town the power to tax that occupation; for the Constitution does not require occupations to be taxed, and only permits it when the Legislature deems it proper. Its failure to require such taxation for the benefit of the State is, in effect, a declaration that it is neither necessary nor proper for the use of municipal corporations. The measure of a municipal corporation's right to tax an occupation is made dependent on the sum the State may levy on the same occupation; and, when the State has not taxed it at all, is it to be believed that it was the purpose of the people in such case to give to municipal corporations the power to tax the occupation as in the discretion of a municipal council might seem proper, while a limitation was placed on the amount such a corporation might levy in all cases in which the Legislature had declared it proper and necessary that the occupation should be taxed for the benefit of the State? It was not intended to confer on a municipal corporation the power to tax an occupation not taxed by the State." In City of Laredo v. Loury, supra, the doctrine was approved, and the case of Hirshfield v. City of Dallas, in so far as it conflicted with said decision, was overruled. Judge Simkins, delivering the opinion of this court, in that case said: "A municipal corporation can not tax a business not made taxable by law; and until the Legislature," says the court, "has declared a certain occupation or business shall be taxed, and has fixed the amount of the tax, then, and not before, has a county, city, or town the power to tax that occupation, for the Constitution does not require occupations to be taxed, and only permits it when the Legislature deems it proper, and its failure to make it taxable for the benefit of the State is in effect a declaration that it is not a necessary or a proper subject of taxation." So it will be seen that this court followed strictly the construction placed upon this clause of the Constitution by our Supreme Court, and the Hirshfield Case was overruled, in so far as it was in conflict with those decisions. We are of opinion that those decisions announce the correct rule and should be followed. So far as the articles of the Revised Statutes quoted authorize a city council to levy and collect occupation taxes upon a calling, profession, or business not

taxed by the State as an occupation, calling, or business, they are violative of section 1, article 8, Constitution, and are therefore void. That being true, it follows that the ordinance is also void. There are other interesting questions presented by relator for determination, but it is unnecessary to discuss them. For the reasons indicated, the relator is discharged.

*Relator discharged.*