**A B C STORAGE & MOVING CO. et al. v. CITY OF HOUSTON et al. (No. 8732.)\***

(Court of Civil Appeals of Texas. Galveston. Feb. 10, 1925. Rehearing Denied Feb. 26, 1925.)

**1. Licenses ⬅⬆7(1)—Ordinance imposing occupation tax on business, not subjected to such tax by state, unconstitutional.**

As state imposes no occupation tax on storage and moving business, city ordinance imposing such tax thereon violates Const. art. 8, § 1.

**2. Licenses ⬅⬆5½—City may collect license fee from parties engaged in business of carrying freight and merchandise for hire.**

Constitution does not inhibit city from collecting license fee, as distinguished from occupation tax, from those engaged in business of carrying freight and merchandise for hire within city.

**3. Licenses ⬅⬆1—Fees required of owners of vehicles carrying freight and merchandise for hire held not occupation taxes.**

Fees required by city ordinance of owners of vehicles carrying freight or merchandise for hire held not occupation taxes, but license fees, as therein declared.

**4. Licenses ⬅⬆6(12)—City charter held to authorize imposition of license fees, on public drays, wagons, etc.; "license tax."**

Houston Charter, art. 3, § 7, par. 1, does not inhibit, but authorizes, assessment of license fees by city on public drays, wagons, etc., especially as state has never levied such fees against such subjects, unless by Acts 35th

Leg. (1917), c. 190, § 25 (Vernon's Ann. Civ. St. Supp. 1918, art. 7012½h), which imposes registration fee for identification of motor vehicles only; "license tax" in last part of such paragraph being intended to designate occupation tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, License Tax.]

**5. Constitutional law ⬅⬆48—Construction sustaining all provisions should be adopted.**

Where one of two permissive constructions of statute would render it unconstitutional in part, while other would sustain all its provisions, latter should be adopted.

**6. Licenses ⬅⬆6(12)—Cities may impose license fee on vehicles transporting freight for hire, if not prohibited by charter.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1096d, incorporated cities may impose license fees on vehicles used for transporting freight for hire on public streets, if not prohibited from so doing by charter.

**7. Licenses ⬅⬆7(3)—Ordinance held not invalid as imposing license fees unequally on vehicles of same class.**

Ordinance imposing license fees in stated amounts on one and two horse drays and wagons, automobile trucks of no more than one-ton capacity, and other motor trucks, respectively, *held* not invalid as imposing fees unequally on vehicles of same class.

**8. Licenses ⬅⬆7(1)—Classification of vehicles held not wrong, nor license fees imposed on each class unreasonable.**

Classification of vehicles by ordinance as one and two horse drays and wagons, automobile trucks of no more than one-ton capacity, and other motor trucks, respectively, *held* not wrong, nor license fees of $3, $5, $15, and $25, respectively, unreasonable.

**9. Licenses ⬅⬆6(12)—Cities cannot require payment of fee for issuance of motor vehicle license.**

Under Acts 37th Leg. (1917) c. 190, § 25 (Vernon's Ann. Civ. St. Supp. 1918, art. 7012½h), city may require license to operate motor vehicles in its streets, but cannot require payment of fee for issuance thereof.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by the A B C Storage & Moving Company and others against the City of Houston and others. From judgment dissolving temporary injunction and refusing application for permanent injunction, plaintiffs appeal. Affirmed in part, and reversed and rendered in part.

Henry & Clark, of Houston, for appellants.

Sewall Myer and W. Ray Scruggs, both of Houston, for appellees.

LANE, J. This action is brought by the A B C Storage & Moving Company and oth-

ers against the city of Houston and certain executive officers of said city to restrain said city and its officers from enforcing a certain city ordinance, which ordinance provides, among other things, as follows:

"The owner of every carriage or vehicle carrying freight or merchandise for hire in the city of Houston shall pay to the city assessor and collector of the city of Houston annually license fees as follows:

"For one-horse drays or wagons, three dollars ($3.00).

"For two-horse wagons and other horse-drawn vehicles, five dollars ($5.00).

"For one-ton automobile trucks or less capacity, fifteen dollars ($15.00).

"For other trucks, twenty-five dollars ($25.-00).

"All license dues above provided for shall run from the 1st day of January to the 31st day of December of each year."

The plaintiffs, among other things, allege that they are now, and have been for some time past, engaged in the business of carrying freight and merchandise for hire within the purlieus of the city of Houston and the immediate vicinity thereof; and that in the conduct and prosecution of such business those petitioners own and operate a large number of wagons and trucks; that the wagons, so owned and operated, are drawn by two and sometimes three horses; and that the numerous trucks owned and operated are of varying capacities, some less than one ton, whereas others are in excess thereof. They further allege that said officials of the city are demanding of them payment of the fees provided by said ordinance and are threatening to prosecute them in the event of their failure to make such payments; that if such payments are not paid each and all of them will become subject to arrest and prosecution under the provisions of the ordinances of the city of Houston.

The grounds for their contentions for an injunction, as stated in the petition, are: (1) That the taxes sought to be assessed and collected are occupation taxes, and therefore the ordinances of the city providing for their assessment and collection are in violation of article 8, § 1, of the Constitution of the State of Texas, which provides that occupation taxes, levied by any city or town for any year on persons or corporations pursuing any profession or business, shall not exceed one-half of the tax levied by the state for the same period on such profession or business, since no occupation tax is levied by the state on the businesses pursued by them. (2) That if such taxes are not occupation taxes, but are, in effect, merely a license fee thereon, then, in that event, the levy of them by the city is without authority of law and in violation of article 3, § 7, of the Charter of said city, which provides that the city council shall have power to assess, license and tax public drays, wagons, omnibusses, carriages, and automobiles and such other trades and occupations not specifically mentioned as are, or may be, taxed or licensed by the laws of the state, but no assessment or license tax levied under such section shall exceed one-half of the amount levied by the state for the same period on such trade, profession, or occupation, and the same may be regulated, levied, and collected in the same manner as such taxes are regulated and collected by the state of Texas. (3) That said taxes or license fees provided for by said city ordinances are invalid and unenforceable, in that the same are imposed unequally and unjustly, in that they are not the same upon all persons engaged in the same or similar business.

A temporary injunction was issued upon the petition of the plaintiffs, but upon a hearing on the motion of the defendants, the trial court dissolved said temporary injunction and refused the application of the plaintiffs. The plaintiffs appealed.

The contentions presented by appellants for reversal of the judgment, reduced to the ultimate, are: (1) That the taxes or fees sought to be collected from them are occupation taxes levied against the business in which they are engaged; that the state of Texas does not levy an occupation tax against such business, therefore the ordinance or ordinances of the city of Houston demanding of them payment of an occupation tax on such business violate section 1 of article 8 of the State Constitution, and are void. (2) That if the taxes or fees sought to be collected are not occupation taxes, but are, in effect, merely license fees, still the city is without authority to levy and collect the same, in that it is forbidden so to do by section 7 of article 3 of its charter. (3) That such taxes or license fees provided for by the city ordinances are invalid and unenforceable, because the same are imposed unequally and unjustly, in that they are not the same upon all persons engaged in the same or similar business. (4) That said ordinances demanding the collection of either an occupation tax or license fee, upon their business, are invalid and unenforceable, in that it is provided by section 25 of chapter 190, Acts 35th Legislature of 1917, now article 7012½h, Vernon's Civ. Statutes 1918, that the certificate of registration and the fees provided by the preceding sections of said chapter shall be in lieu of all other similar registrations theretofore required by any county, municipality, or other political subdivision of the state. That it provides further that said act shall not affect the right of incorporated cities and town to license and regulate the use of motor vehicles for hire in such incorporations, but that nothing in such act should in any manner authorize or empower any county, city, or town to levy and collect any occupation tax or license fees on automobiles

and motor trucks such as are used by appellants.

We will dispose of the several contentions in the order named.

[1] If the sums demanded by the city from appellants as license fees are in fact occupation taxes, we must, in view of the decisions of our courts holding that since the state imposes no occupation tax on that class of business followed by appellants, the city is without authority to impose such tax on such business, hold that an attempt on the part of the city so to do is in violation of article 8, § 1, of the Constitution of Texas. Article 8, § 1, Constitution of Texas; Hoefling v. City of San Antonio, 85 Tex. 228, 20 S. W. 85, 16 L. R. A. 608; City of Laredo v. Loury (Tex. App.) 20 S. W. 89; Ex parte Terrell, 40 Tex. Cr. R. 28, 48 S. W. 504.

The Supreme Court, in discussing and disposing of the question now being discussed, in the case of Hoefling v. City of San Antonio, said:

"This proposition is based on the last paragraph of section 1, art. 8, of the Constitution, which provides that 'the occupation tax levied by any county, city, or town for any year on persons or corporations pursuing any profession or business, shall not exceed one-half of the tax levied by the state for the same period on such profession or business.' The charter of the city, created prior to the adoption of the Constitution now in force, is broad enough to sustain such a tax; but, if in conflict with the Constitution, must be held to be in so far repealed, or to stand in subordination to the requirements of that instrument. The purpose of so much of the Constitution as is quoted was evidently to place a limitation on the power of municipal corporations to levy and collect occupation taxes; to deny to them the unrestricted power to tax any occupation. Under the Constitution, the sum a municipal corporation may collect as a tax on a given occupation cannot 'exceed one-half of the tax levied by the state for the same period on such profession or business,' and this necessarily involves the proposition that the Legislature must determine that the occupation shall be taxed for the benefit of the state before a municipal corporation can tax it at all. When the Legislature has declared that a named occupation shall be taxed, and has fixed the amount of the tax, then, and not before, has a county, city, or town the power to tax that occupation; for the Constitution does not require occupations to be taxed, and only permits it when the Legislature deems it proper. Its failure to require such taxation for the benefit of the state is, in effect, a declaration that it is neither necessary nor proper for the use of municipal corporations."

[2] A distinction, however, is to be observed between the power to license and collect a license fee and the power to levy and collect an occupation tax. There is no inhibition in the Constitution against the right of an incorporated city to collect a license fee from those who are engaged in the business of carrying freight and merchandise for hire within the purlieus of such city. 19 R. C. L. p. 950, § 251; Ex parte Gregory, 20 Tex. App. 210, 54 Am. Rep. 516; Ex parte Denny, 59 Tex. Cr. R. 579, 129 S. W. 1115; Booth v. City of Dallas (Tex. Civ. App.) 179 S. W 301; Brown v. City of Galveston, 97 Tex. 1, 75 S. W. 488.

In the case last cited it is said:

"Const. art. 8, § 1, provides that the occupation tax levied by a city for any year shall not exceed one-half of the tax levied by the state for the same period on the same profession or business. The state levied no occupation tax upon the keepers of vehicles. A city, having authority by its charter to levy license taxes on vehicles, passed an ordinance imposing a license of $5, and the cost of numbering, not to exceed twenty-five cents, for each dray, etc., drawn by not more than one animal; for each milk or butcher wagon drawn by not more than one animal, $2.50, and the cost of numbering, not to exceed twenty-five cents; for every truck or float drawn by two animals, $12, and the cost of numbering, not to exceed 25 cents; for other four-wheeled vehicles drawn by two animals, $8, and the cost of numbering, not to exceed 25 cents, etc. All dues were required to be paid to the city collector, who, after paying the expenses of issuing licenses and numbering, was to pay the remainder to the city treasurer, to be applied exclusively to improving the streets, etc. Held, that the taxes imposed were licenses, and not occupation taxes, notwithstanding the incidental feature of revenue, and hence the ordinance did not conflict with the Constitution."

[3] The ordinance fixing the fees complained of by appellants declares that such fees are demanded as license fees, and we are not prepared, from the facts before us, to hold that they are not levied, as such fees.

[4] We now come to consider the second contention presented by appellants; that is, that by section 7 of article 3 of the Charter of the City of Houston, the city council is prohibited from assessing any license tax upon public drays, wagons, omnibusses, and automobiles to exceed one-half of the amount levied by the state for the same period on such vehicles, and that since the state has assessed no license tax on such vehicles, the city is by said article not empowered, but prohibited from levying and collecting any license fee, whatever, on such vehicles. We hardly think that section 7 of article 3 of the Charter of the City of Houston should be construed as inhibiting the levying and collection of a license fee against a business such as that engaged in by appellants. That section is as follows:

"Section 7, Article III, Paragraph I. *Occupation Taxes and Licenses.*—That the city council shall have the power to assess, license and tax hawkers, peddlers, auctioneers, theatrical and other exhibitions, shows and amusements, circuses, billiard tables, nine and ten pin alleys, alleys with any number of pins, *public drays, wagons, omnibusses, carriages*

*and automobiles*, grogshops and dramshops, beer saloons, whether for the sale of domestic intoxicants or otherwise, and such other trades and occupations not specifically mentioned herein, as are, or may be, taxed or licensed by the laws of the state, but no assessment or license tax levied under this section shall exceed one-half of the amount levied by the state for the same period on such trade, profession or occupation, and the same may be regulated, levied and collected in the same manner as said taxes are regulated and collected by the state of Texas."

[5, 6] When such section is read and considered as a whole, we think it is obvious therefrom that its framers intended to empower the city council to assess a license fee against the subjects named therein, and to also assess an occupation tax against such subjects, and that the term "license tax" used in the last part of said section was inadvertently used and was intended as a designation of a tax generally known, and by our courts construed as an occupation tax, as occupation tax is not otherwise mentioned in the body of this section. We think this conclusion is reinforced from the fact that the state has not to our knowledge at any time levied a license fee against drays, wagons, omnibusses, carriages, or automobiles, unless it has done so by article 7012½h, Vernon's Civil Statutes 1918, which applies to motor vehicles only, and which was passed by the Legislature in 1917. The tax there provided, however, does not purport to be a license fee, but a registration fee for the purpose of identification, only. It is a well-settled rule that where two constructions of a statute are permissible, one of which would render such statute unconstitutional in part and the other would sustain all of its provisions, the latter construction should be adopted. Madden v. Hardy, 92 Tex. 613, 50 S. W. 926; Todd v. Masterson, 61 Tex. 618. Applying the rule announced to section 7 of article 3, above quoted, we think it should be held that it does not inhibit the city council from imposing a license fee on the subjects named therein, but, to the contrary, it empowers said council to impose such fee. We think there can be no doubt that the city would have the power to impose a license fee on appellants if it is to be held, as we think it should be, that section 7 of article 3 of its Charter does not by its terms prohibit such imposition. By article 1096d, Vernon's Statutes 1914, city councils are specifically empowered to license all character of vehicles using the public streets, and to prescribe the speed of the same, the qualification of the operator of the same, and the lighting of the same by night, etc., to regulate, license and fix the charges or fares made by any person owning, operating or controlling any vehicle of any character used for transporting freight for hire on the public streets. The power of incorporated cities to impose a license fee on vehicles is upheld by the courts in many cases. Ex parte Gregory, 20 Tex. App. 210, 54 Am. Rep. 516; Ex parte Denny, 59 Tex. Cr. R. 579, 129 S. W. 1115; Booth v. City of Dallas (Tex. Civ. App.) 179 S. W. 301; Brown v. City of Galveston, 97 Tex. 1, 75 S. W. 488.

[7, 8] This brings us to a consideration of the third contention, that is, that the fees fixed were imposed unequally on those of the same class. We overrule this contention. By the ordinances there is imposed on all drays and wagons drawn by one horse $3, and upon all wagons drawn by two horses $5, on all one-ton automobile trucks or less capacity $15, and on all other motor trucks $25. Thus the vehicles are divided into four classes, and the imposition is the same on all in any one class. We are not prepared to hold that the classification as made was wrong, nor are we able to say that the fees fixed were unreasonable. In the case of Booth v. Dallas, supra, it was held that the city of Dallas could fix an annual license fee of $75 for the privilege of operating a motor bus over its streets, and in Brown v. Galveston, supra, it was said with reference to a fee imposed on vehicles by the city of Galveston:

"That the taxes imposed were licenses and not occupation taxes, notwithstanding the incidental feature of revenue, and hence the ordinance did not conflict with the Constitution."

[9] The fourth and last contention we think should be sustained in so far as it applies to motor trucks. By article 7012½h, Vernon's Civil Statutes 1918, which is section 25 of chapter 190, Act of the 37th Legislature, it is provided as follows:

"Art. 7012½h. *Municipal Registration Abolished; Exception of Vehicles for Hire.*— The certificate of registration and numbering for purposes of identification, and the fees hereinbefore provided for, shall be in lieu of all other similar registrations heretofore required by any county, municipality, or other political subdivision of the state, and no such registration fees or other like burdens, shall be required of any owner of any motor vehicle or motorcycle by any county, municipality or other subdivision of the state. But this provision shall not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation; provided that nothing in this act shall in anywise authorize or empower any county or incorporated city or town in this state to levy and collect any occupation tax or license fees on motorcycles, automobiles or motor."

It is to be noted that while the act mentioned specially provides that its provisions shall not affect the right of cities to license and regulate the use of motor vehicles for hire in such cities, it makes the further provision that the fees therein provided shall be in lieu of all other fees theretofore re-

quired by any county, municipality, or other subdivision of the state, and that nothing in said act is to be construed as in any wise authorizing or empowering any county or incorporated city or town to levy and collect any occupation tax or license fees on motor vehicles.

We reach the conclusion that while the city may require those who operate vehicles in the streets of such city to procure a license so to do, it is forbidden to require the payment of a license fee for the issuance of such license.

Having reached the conclusion as above expressed, we think the trial court should have granted so much of the relief prayed for as would have enjoined the city and its officers from levying and collecting a license fee on motor vehicles used by appellants. Therefore the judgment refusing to order such injunction is reversed, and judgment is here rendered enjoining appellee from levying or collecting a license fee or any similar fee from appellants for using motor vehicles in carrying on their business. The judgment in all other respects remains undisturbed.

Affirmed in part, and reversed and rendered in part.