**BALL et al. v. CITY OF McKINNEY et al.**
**(No. 9788.)[\*]**

(Court of Civil Appeals of Texas. Dallas.
June 12, 1926. Rehearing Denied
July 3, 1926.)

**1. Automobiles ⊝71.**

Legislature *held* authorized to delegate to municipalities its power to license motor vehicles and chauffeurs unrestrictedly, or subject to whatever limitations it may impose, or to reserve such power, and deny it to municipalities.

**2. Automobiles ⊝62—Ordinance, requiring fee for registration certificate for drivers of interurban busses, held invalid, as in conflict with statute (Rev. St. 1925, arts. 6687, 6698).**

That part of city ordinance, enacted to control operation of interurban busses within city limits, which required $50 fee as prerequisite to issuance of registration certificate to drivers, *held* invalid, as in conflict with Rev. St. 1925, arts. 6687, 6698.

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Suit by John E. Ball and others against the City of McKinney and others. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

Truett & Neathery, of McKinney, for appellants.

Horace H. Neilson and Smith & Abernathy, all of McKinney, for appellees.

JONES, C. J. This is an appeal duly prosecuted from a judgment in the district court of Collin county, Tex., adverse to appellants in the trial of an injunction suit, filed by them. The appeal is submitted on an agreed statement of facts from which we deduce the following as sufficient for an understanding of the issues involved:

The city of McKinney is a municipal corporation created under the general laws of the state of Texas and operating under a commission form of government, having theretofore adopted a charter under the provisions of chapter 15, tit. 22, Revised Statutes of Texas. The governing body of said municipality consists of a mayor and two commissioners constituting the board of commissioners. Tom W. Perkins is the mayor of said city, M. T. Jones and Will J. Rhea are the two commissioners, H. H. Neilson is the city attorney, J. S. McKinney, the chief of police, and Lee Burgess, the assistant chief of police. These officials are charged by law with the duty of enforcing the ordinances of said city. Prior to the filing of this suit in said district court the said city had duly enacted "Commissioners' Ordinance" No. 189, which was in force and effect at the time said suit was filed.

The said ordinance is a very elaborate one and its purpose is to control the operation of interurban busses within the limits of said city, by requiring the owner of such vehicle to secure a permit for its operation, by requiring drivers of such vehicles to procure registration certificates and to pay certain fees therefor, and by making a violation of any of its provisions a misdemeanor offense and prescribing a fine as the penalty for such violation.

The term "interurban busses" used by said ordinance is defined and made to include:

"Any automobile, automobile truck or trackless motor vehicle operated over, along, upon, or across any street of the city of McKinney when engaged in the business of carrying passengers for hire from any point within the city of McKinney to any other incorporated city or town, or from within any other incorporated city or town to any point within the city of McKinney or between other incorporated cities or towns and through the city of McKinney."

Interurban busses are divided into three classes on the basis of the population of the city or town said vehicle is operated from or through to said city of McKinney. All such vehicles that include in their operation a city of 25,000 population or more are placed in class A, all such vehicles that include in their operation a city of more than 10,000 population, but less than 25,000, are placed in class B, and all such vehicles that include a city or town of a population of 10,000 or less are placed in class C. The basis for determining the population of said city or town is the last federal census.

---

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused November 10, 1926.

No fee is charged specifically for the issuance of any permit provided in said ordinance, but a graduated registration fee is charged every interurban bus driver as follows: For the driver of a class A bus, $50; for the driver of a class B bus, $25; for the driver of a class C bus, $5.

Appellants John B. Ball, W. F. Ranay, Gilmer Huddleston, and J. L. Hatcher are all interurban bus drivers, and, as such, after conforming to all other requirements of said ordinance, applied for registration certificates for class A bus drivers, so that they might qualify as such bus drivers; appellants Ball and Hatcher each being owners of class A interurban busses. These registration certificates were refused appellants, for the reason that they declined to pay the registration fee of $50 required under their application as class A bus drivers, and they will be prosecuted under the provisions of said ordinance if they attempt to operate interurban busses without said registration certificate. Appellants thereupon filed this injunction suit seeking to restrain the city of McKinney and its said officers, charged with the enforcement of said ordinance, from enforcing or attempting to enforce the fee-provisions of said ordinance, alleging said ordinance in such provision to be void. A temporary writ of injunction was issued on the presentation of their petition, but upon final hearing such writ was dissolved and a permanent injunction denied.

Appellants do not question any of the provisions of said ordinance, except that provision requiring the payment of the fee of $50 as a prerequisite to the issuance to them of a registration certificate, and without which they cannot follow their occupation as interurban bus drivers within the limits of the city of McKinney, except at the peril of immediate and continued prosecution. The claim that such provision of said ordinance is invalid is based on certain prohibitions in article 6698 of the 1925 Revised Statutes. Such article is as follows:

"The certificate of registration and numbering for purposes of identification, and the fees herein provided for shall be in lieu of all other similar registrations heretofore required by any county, municipality or other political subdivision of this state, and no such registration fees or other like burdens shall be required of any owner of any motor vehicle or motorcycle by any county, municipality or other subdivision of the state. This provision shall not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation. Nothing herein shall in any wise authorize or empower any county or incorporated city or town in this state to levy and collect any occupation tax or license fees on motorcycles, motor vehicles or motor trucks."

It is claimed by appellees that this statute does not apply to those persons who are defined in the ordinance as interurban bus drivers and against whom only the registration fee is levied. These respective contentions form the controlling issue on this appeal.

[1] It cannot be questioned that the Legislature has control of the licensing of motor vehicles throughout the state, and also of licensing those who, as chauffeurs, operate such vehicles. This power the Legislature may reserve exclusively to the state, or it may delegate it in whole or in part to municipalities. It follows that the Legislature has the same power in reference to fixing and levying license fees both against those who own such vehicles and those who operate such vehicles as chauffeurs. State statutes, therefore, may prohibit a municipal corporation from passing regulations in reference to the licensing of motor vehicles, or may give such right to municipalities unrestrictedly, or subject to whatever limitation on such right the Legislature may in its wisdom impose. Section 96, Huddy on Automobiles (6th Ed.) and authorities cited in note.

[2] By chapter 1 of title 116, Revised Statutes 1925, the Legislature has fully and completely covered the field in the matter of licensing motor vehicles and fixing the fees to be charged the owners of such vehicles, and also in the matter of licensing those who follow the business or occupation of operating a motor vehicle for compensation, wages, or hire, and fixing fees charged therefor. Said article 6698 of this chapter permits municipal corporations to exercise certain powers in respect thereto, and denies to such corporations the exercise of certain powers. This said article clearly manifests the intention of the Legislature to withhold from municipal corporations the power to levy any fees that would be a "burden" on the owner of any motor vehicle, and which, but for such inhibition, could be levied as an incident to the powers thus given of municipal regulation of such motor vehicles as are described in the ordinance under review. Clearly within the power permitted to be exercised by municipal corporations is the power to license and regulate the use of motor vehicles of the kind described in this ordinance, but this power must be exercised by such corporations without the levy of an occupation tax or license fee on such vehicles. A. B. C. Storage Co. v. City of Houston et al. (Tex. Civ. App.) 269 S. W. 882.

The registration fee of $3, authorized by article 6687 of said chapter of our Revised Statutes, is the same character of fee as is levied for the issuance of a registration certificate by said ordinance, and is, therefore, one of the fees specifically referred to in the prohibition of article 6698, and its levy denied to a municipal corporation.

We are, therefore, of the opinion that the Legislature, by the enactment of said chapter 1 of title 116 of our Revised Statutes, has

not only reserved to the state the levy of all registration fees and occupation taxes against motor vehicles, but has specifically denied to municipalities the right to levy the kind of registration fee provided for in the said ordinance, and that so much of said ordinance that undertakes to levy such registration fee is invalid. We are further of the opinion that the ordinance in all other respects comes within the power permitted to be exercised under said article 6698 by municipal corporations and is valid.

It follows that, in our opinion, the court erred in·denying the injunction against the enforcement of that portion of said ordinance that levied the registration fees, and that this case should be reversed and here rendered for appellants.

Reversed and rendered.