CITY OF EL PASO et al. v. LOOK et al.*
(No. 1941.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 11, 1926. Rehearing Denied .
Dec. 2, 1926.)

Automobiles ☞62—Ordinance requiring fee for issuance of permit for operation of public passenger vehicle, held invalid as conflicting with statute (Rev. St. 1925, art. 6698).

Ordinance making it unlawful to operate public passenger vehicle within corporate limits without permit, and requiring a fee of $25 for its issuance, held invalid as conflicting with Rev. St. 1925, art. 6698.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by George Look and others against the City of El Paso and others. Judgment for plaintiffs, and defendants' appeal. Affirmed.

W. H. Scott, City Atty., of El Paso, for appellants.

S. P. Weisiger and W. O. Hamilton, both of El Paso, for appellees.

WALTHALL, J. This case presents an appeal from an order of the district court, in overruling appellants' exceptions to appellees' petition, and motion to dissolve a temporary writ of injunction granted by said court in a suit brought by George Look and others, appellees, owners and operators, severally, of motor vehicles used by them as passenger carrying vehicles for hire, over the streets and thoroughfares of the city of El Paso and roads in adjoining territory, against the city of El Paso, Tex., a municipal corporation, acting under a special charter granted by the state, and H. P. Jackson, mayor of said city and others, named as aldermen of said city, and the chief of police, to restrain the city of El Paso and its said officers from in any manner assessing, imposing, charging, collecting, or attempting to collect permit fees or charges imposed by an ordinance of said city on public service passenger car operators for hire by an ordinance adopted by said city council on February 4, 1926, and to have the provisions of said ordinance, requiring the payment of such permit fees or charges, declared null and void and of no force or effect. The trial court in chambers, on hearing appellants' exceptions and motion, over-ruled same and granted a temporary injunction enjoining the arrest of appellees on any charge of failure to pay the permit fee or charge for operating motor vehicles for passenger service for hire, on the streets or thoroughfares of said city.

The court, in the judgment entered, expressed the opinion that section 5 of the said ordinance of the city, and set out in appellees' petition, is in conflict with article 6698, Revised Civil Statutes of 1925. It is further stated in the judgment that appellants declared in their answer and agreed in open court that the threatened arrest, and the ordinance complained of does not apply to the "driverless Fords" owned and operated by some of the appellees named.

## Opinion.

On the 4th day of February, 1926, the city of El Paso duly passed and adopted, and the mayor of the city approved, an ordinance, the enacting clause is substantially as follows:

"An ordinance defining and regulating public vehicle passenger service in the city of El Paso; requiring and regulating the issuance of permits therefor and declaring the operation of public vehicles in the public vehicle passenger service as herein defined to be unlawful unless such permit shall have been issued, and prescribing penalties for the violation of this ordinance."

Without quoting them, the sections of the ordinance then define "public vehicle passenger service in the use of the city streets, thoroughfares, parks," etc.; define "public vehicle" as used in the ordinance; define "person" as used in the ordinance; exclude from the operation of the ordinance certain matters affected by existing ordinances; make it unlawful for any person to operate or cause to be operated any "public vehicle in the public passenger service" as defined, within the corporate limits, unless and until the city council shall have first granted the permit required by the ordinance.

Then section 5, against which the action is specially directed reads, in part:

"The right and privilege to use the streets, avenues, public thoroughfares, parks and other public property of the city of El Paso for the purpose of operating and conducting such business of public vehicle passenger service over, in and along the same herein provided for and subject to the provisions and conditions of this ordinance is hereby declared to be a valuable right and privilege and necessary to be regulated, for which those so engaging in such business should pay to the city a reasonable charge or fee therefor, and no permit to engage in such business shall be granted or issued until the applicant therefor shall have paid to the city clerk of said city for the use of the city of El Paso a charge or fee for such calendar year for each public vehicle to be used or operated in such public vehicle passenger service thereunder in

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused January 26, 1927.

the amount herein fixed as follows:" [then follow stated amounts as fixed for automobiles.]

The section closes with the statement that the section and the sums fixed are not intended to conflict with chapter 190 of the General Laws of Texas, Acts of the Thirty-Fifth Legislature, or article 6698 of the Revised Statutes of 1925, or any other statute of the state. By a subsequent section of the ordinance, a penalty is fixed for a violation of any provision of the ordinance. It is insisted by appellants that the ordinance does not in any wise conflict with article 6698 of the Revised Statutes of 1925, or any other statute of the state, and that it would be a violation of the ordinance for any person to operate an automobile in the public vehicle passenger service over any of the streets of the city without first paying the charge or fee fixed by the ordinance and obtaining the permit as above, and that prosecution would follow on failure to do so.

Articles under the same title and chapter previous to article 6698, for the purpose of identification, provide for the issuing of a certificate of registration and numbering by the state highway department of motor vehicles used on the public highway of the state, and the payment of certain fees therefor. Then follows article 6698. Article 6698 (formerly article 7012½h, V. Civ. Stat. 1918) Revised Civil Statutes 1925, reads:

"*Municipal Regulation.* The certificate of registration and numbering for purposes of identification, and the fees herein provided for shall be in lieu of all other similar registrations heretofore required by any county, municipality or other political subdivision of the state, and no such registration fees or other like burdens shall be required of any owner of any motor vehicle or motorcycle by any county, municipality or other subdivision of the state. This provision shall not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation. Nothing herein shall in any wise authorize or empower any county or incorporated city or town in this state to levy and collect any occupation tax or license fees on motorcycles, motor vehicles or motor trucks."

It will be noted that the above article applies alike to motorcycles, motor vehicles, and motor trucks. A. B. C. Storage & Moving Co. et al. v. City of Houston et al. (Tex. Civ. App.) 269 S. W. 882 (in which a writ of error was refused), in all essentials, is similar to the case at bar. In that case appellants were engaged in the business of carrying freight and merchandise for hire within the purlieus of the city of Houston, and in said business were operating a number of wagons drawn by horses and numerous motor trucks. Under an ordinance of the city of Houston, the officers of the city were demanding of appellants the payment of the fees provided by the ordinance of the city and threatening to prosecute them, under the ordinance, in the event of their failure to make such payment. The grounds for the injunction applied for in that case are similar to the grounds in the case at bar, one of them being that the ordinance of the city of Houston demanding the collection of either an occupation tax or license fee, upon their business, was invalid and unenforceable in that such tax or license fee was inhibited by article 6698, above quoted. In that case, in construing the above-quoted article of the statute as applied to the facts of that case, the court said:

"We reach the conclusion that while the city may require those who operate vehicles in the streets of such city to procure a license so to do, it is forbidden to require the payment of a license fee for the issuance of such license."

The court reversed the judgment of the trial court refusing the injunction, and entered judgment enjoining the city of Houston from levying or collecting a license fee or any similar fee using motor vehicles in carrying on their business.

The case of Ball et al. v. City of McKinney et al. (Tex. Civ. App.) 286 S. W. 341, presents an appeal from a judgment of the district court in which the city of McKinney, a municipal corporation, adopted an ordinance, the purpose of which was to control the operation of interurban busses within the limits of the city, by requiring the owners of such vehicles to secure a permit for its operation, by requiring drivers of such vehicles to procure registration certificates and to pay certain fees therefor, and by making a violation of any of its provisions an offense punishable by fine.

Without quoting the ordinance at length, it defined "interurban busses" and made it to include any automobile, automobile truck, or trackless motor vehicle operated over, along, upon, or across any street of the city of McKinney, when engaged in the business of carrying passengers for hire.

Ball and others named were interurban bus drivers, and applied for registration certificates for class A bus drivers, for which a registration fee of $50 was charged; Ball and the others each being owners of class A interurban busses. The registration certificates were refused Ball and others unless they would each pay the registration fee of $50 required under their application as class A bus drivers, and would be prosecuted under the provisions of the ordinance if they attempted to operate interurban busses without such registration certificates. Ball and others applied for injunction to restrain the city of McKinney and its officers from enforcing the fee provision of the ordinance. The injunction was denied by the trial court, but the case was reversed and rendered for appellants.

Appellants here question only the payment of the fee of $25 as a prerequisite to the is-

suance of the required certificate, and without which they cannot operate their vehicles for hire within the corporate limits of the city of El Paso, except at the peril of being prosecuted therefor.

A careful review of chapter 1 of title 116, Revised Statutes 1925, in our judgment covers the field in the matter of licensing motor vehicles and fixing the fees to be charged owners of vehicles for hire. As we read article 6698, by its terms, it permits municipal corporations to license and regulate the use of motor vehicles for hire in such corporations, but withholds from them the power to levy and collect any license fees as a prerequisite to the exercise of that right.

Appellant has referred us to many cases, from both the civil and criminal courts, as sustaining its contention as to the powers of the city to enact the ordinance complained of, requiring the payment of the permit fee. Some of them are discussions of the law as it was prior to the enactment of article 6698, now under consideration; some of the cases discuss the law as to "jitneys," and two, at least, are from our Court of Criminal Appeals; all of them are prior to the cases of A. B. C. Storage & Moving Co. v. City of Houston, supra, in which a writ of error is denied, and prior to Ball v. City of McKinney, supra, both cases in point, we think, on the construction to be given article 6698 of our Civil Statute as applied to the ordinance in question. We need not review them.

We have fully considered the points presented in appellants' brief not specifically discussed, and overrule them.

We have concluded the trial court was not in error in overruling appellants' exceptions and motion to dissolve the temporary injunction.

Affirmed.