CITY OF LUBBOCK v. MAGNOLIA PE-
TROLEUM CO. et al.   (Nos. 906–4819.)*

Commission of Appeals of Texas, Section B.
May 9, 1928.

1. Licenses ⊚⟶6(1)—Statute relative to oc-
cupation tax, containing provision that act
shall not be construed to authorize cities and
counties to tax stated occupation, is inhibitory
(Rev. St. 1925, art. 7078).

When Legislature levies an occupation tax
on a particular business, as in Rev. St. 1925,
art. 7078, and as a part of such act provides
that its passage shall not be construed to au-
thorize cities and counties to tax such occu-
pation, it is necessarily inhibitory in nature.

2. Statutes ⊚⟶231—Unambiguous statute,
forming part of revision, must be construed as
if separate and distinct enactment (Rev. St.
1925, art. 7078).

In the absence of any ambiguity in a par-
ticular statute which is a part of the revision
of 1925, such as Rev. St. 1925, art. 7078, the
particular statute must be construed as if it
had been a separate and distinct enactment of
the Legislature without regard to the original
statute on the subject.

3. Licenses ⊚⟶6(2)—Statute prohibiting levy
of occupation taxes by city held applicable to
gasoline tax statute, in view of codification un-
der chapter relating to levy of occupation tax-
es (Rev. St. 1925, art. 7078, and tit. 122,
c. 2 [arts. 7058–7083]; Acts 38th Leg.
[1923] 2d Called Sess. c. 45).

Rev. St. 1925, art. 7078, prohibiting coun-
ties or cities from levying occupation taxes on
occupations and businesses taxed by "this" chap-
ter held applicable, though not passed as part
thereof, to Acts 38th Leg. (1923) 2d Called
Sess. c. 45, levying occupation tax on persons
selling gasoline, in view of act of codifiers in
placing the act of 1923 in chapter 2, tit. 122,
Rev. St. 1925 (articles 7058–7083), which in-
cludes occupations whose taxes are measured
by their gross receipts.

4. Municipal corporations ⊚⟶79—City has no
authority under amendment to pass ordinance
imposing occupation tax, where tax is in-
hibited by general laws (Const. art. 11, § 5).

Under Home Rule Amendment (Const. art.
11, § 5), a city has no authority to pass an
ordinance imposing an occupation tax, where
such tax is inhibited by the general laws of
the state.

5. Licenses ⊚⟶6(2)—Article validating city
charters adopted under home rule amendment
held not grant to city power to exercise char-
ter power to levy occupation tax on gasoline
sellers (Vernon's Ann. Civ. St. 1925, art.
1174a; Const. art. 11, § 5).

Vernon's Ann. Civ. St. 1925, art. 1174a, val-
idating city charters theretofore adopted under
the Home Rule Amendment (Const. art. 11, §
5), held not an express grant to city to exercise
charter power to levy an occupation tax against
persons selling gasoline, since validiting act
was adopted for purpose of validating proceed-
ings had by cities in adopting or amending their
charters against errors or irregularities in mode
of adoption.

6. Municipal corporations ⊚⟶15—Only effect of
act validating city charters adopted under
home rule amendment was to place cities in
same position as if proceedings relative to
charters had been regular and valid (Vernon's
Ann. Civ. St. 1925, art. 1174a; Const. art.
11, § 5).

The only effect of Vernon's Ann. Civ. St.
1925, art. 1174a, validating city charters there-
tofore adopted under the home rule amendment
(Const. art. 11, § 5), was to place all cities
affected in the same position as if the proceed-
ings by which they had attempted to adopt or
amend their charters had been at all times reg-
ular and valid.

7. Licenses ⊚⟶7(1)—Ordinance seeking to levy
tax against persons selling gasoline within
city held void (Rev. St. 1925, art. 7078; Const.
art. 11, § 5).

Ordinance of city operating under Const. art.
11, § 5, seeking to levy a tax against persons
selling gasoline, either at wholesale or retail,
within the city, held void as in direct contraven-
tion of Rev. St. 1925, art. 7078, by the terms
of which the Legislature expressly withheld
from cities and counties the right to impose an
obligation on persons engaged in the sale of
gasoline.

Error to Court of Civil Appeals of Seventh
Supreme Judicial District.

Action by the Magnolia Petroleum Compa-
ny and others against the City of Lubbock.
A judgment for plaintiffs was affirmed by the
Court of Civil Appeals (291 S. W. 660), and de-
fendant brings error. Judgment of the Court
of Civil Appeals affirmed.

Bean & Klett, of Lubbock, for plaintiff in
error.

Bledsoe & Crenshaw, of Lubbock, for de-
fendants in error.

LEDDY, J. The city of Lubbock, a munici-
pal corporation chartered under the provi-
sions of section 5, art. 11, state Constitution,
and the enabling act in pursuance thereof by
the Legislature, enacted an ordinance by
which it sought to levy against all persons
selling gasoline within the city of Lubbock,
either at wholesale or retail, a tax of one-half
of 1 per cent. per gallon on sales so made,
making provision for reports to be made
monthly by persons subject to the tax, and
providing penalties for the failure to comply
with the terms of the act.

Defendants in error filed their petition in
the district court challenging the validity of
the ordinance on the ground that it was di-
rectly in contravention of the provision of
article 7078, R. S. 1925, by the terms of which
the Legislature expressly withheld from cities
and counties the right to impose an occupa-
tion tax upon persons engaged in the sale of
gasoline.

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 25, 1928.

Plaintiff in error asserted the validity of the ordinance, and urged a general demurrer to the petition. Upon hearing, it was agreed that the facts were truly stated in the petition. The court thereupon overruled the general demurrer, and rendered judgment under the agreement aforesaid enjoining plaintiff in error from enforcing such ordinance. This judgment was affirmed by the Court of Civil Appeals. 291 S. W. 660.

The principal question to be determined is whether the tax sought to be imposed by the ordinance in question is prohibited by article 7078, R. S. 1925, which provides:

"That nothing herein shall be construed as authorizing any county or city to levy an occupation tax on the occupation and business taxed by this chapter."

It is first insisted that the provisions of the above article were not intended to be prohibitory in character, but that the same merely negatives the idea that any power to levy occupation taxes on the occupations named therein was intended to be conferred by this act, but that, if such power existed independent of such act, its exercise was not inhibited thereby.

[1] When this statute is construed in the light of the fact that it is the act of the state in taxing a given occupation which confers the power on cities and counties to tax such occupation, it becomes apparent that, when the Legislature levies an occupation tax on a particular business, and as a part of such act provides that its passage shall not be construed to authorize cities and counties to tax such occupation, it is necessarily inhibitory in nature. In other words, it is the passage of the act taxing the occupation that gives cities and counties the right to levy a similar tax, and, if it is declared by the Legislature that the passage of the act shall not have such effect, it is clearly prohibitory.

Plaintiff in error next insists that the above statute is not applicable to the gasoline tax statute, as the same was not passed as a part thereof, and that the act of the codifiers in placing said article in the same chapter with occupations whose taxes are measured by their gross receipts and the act of the Legislature in passing same did not have the effect of applying the terms of article 7078 to the gasoline tax statute.

The acts providing for revision of the statutes of 1895 and 1911 each contained in their final title the following requirement:

"That the provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this state in force at the time when the Revised Statutes shall go into effect, or of the common law in force in this state at said time, shall be construed as continuations thereof, and not as new enactments of the same."

The revision of the 1925 statute omitted the above provision, and in lieu thereof provided in the beginning:

6 S.W.(2d)—6

"That the following titles, chapters, subdivisions and articles shall hereafter constitute the Revised Civil Statutes of the state of Texas."

In the final title of the revision of 1925 it is provided:

"That these Revised Statutes when adopted shall be construed to be an act of the Legislature."

Article 7078 was adopted in 1907 as a part of the law taxing the gross receipts of a number of different businesses, such as railroad, express, oil, insurance, telegraph, and telephone companies.

For many years prior to the revision in 1925, it had been the uniform policy of the state to withhold power from cities and counties to tax occupations, where the state had levied an occupation tax measured by gross receipts. It was manifestly the purpose of the codifiers, in placing the act of 1923 (Acts 38th Leg. [1923] 2d Called Sess. c. 45) under the chapter which includes occupations whose taxes are measured by their gross receipts, and of the Legislature in adopting same, to carry out this well-defined policy. We can conceive of no other purpose that could have been subserved by placing the act levying an occupation tax upon companies selling gasoline with other companies whose occupation tax was measured by their gross receipts.

[2] Plaintiff in error further contends that the mere arrangement by the codifiers in placing the 1923 statute levying occupation tax upon persons selling gasoline in chapter 2, title 122, does not evince an intent on the part of the Legislature to make article 7390 of the 1911 statute (7078, R. S. 1925) applicable to the 1923 act in the absence of language showing such intention, and the cases of St. Louis Southwestern Railway Co. v. Hill & Morris, 97 Tex. 509, 80 S. W. 368, and Harris County v. Hammond (Tex. Civ. App.) 203 S. W. 451, are relied upon to sustain such contention. These decisions were rendered under the provisions of the revision of 1911, which contained in the final title the requirement that the Revised Statutes should be construed "as continuations thereof and not as new enactments of the same." Some significance must be given to the fact that this provision was omitted in the adoption of the 1925 statutes. In lieu thereof there was inserted the provision that the Revised Statutes, when adopted, should "be construed to be an act of the Legislature." It is apparent that the Legislature intended a different rule of construction for statutes contained in the 1925 revision to that which prevailed under former revisions. In view of this clearly disclosed intention, we think it must be held that, in the absence of any ambiguity in a particular statute, which is a part of the revision of 1925, the same must be construed as if it had been a separate and distinct enactment of the Legislature.

[3] If the Legislature had enacted chapter

2 as a separate and independent act, and had included therein the statute levying an occupation tax on persons selling gasoline, with article 7078 as a part thereof, cities and counties would undoubtedly have been prohibited from levying an occupation tax on such occupations. As before stated, no other reason could have existed for the codifiers to place the act of 1923 under this chapter, unless it had been for the purpose of withholding power from cities and counties to levy an occupation tax on this particular occupation.

There is no such ambiguity in the 1923 act, as it appears in this chapter, as would authorize us to look to the original enactment in determining the legislative intent as to the applicability of article 7078 thereto. Hence we think it must be assumed that the Legislature, in adopting the revision made by the codifiers, intended that article 7078 should have the effect as to the gasoline tax in withholding from cities and towns the power to levy an occupation tax thereon as it had on all other businesses named in such chapter.

We think this construction proper under the rule announced by Chief Justice Cureton in the case of American Indemnity Insurance Co. v. City of Austin, 112 Tex. 239, 246 S. W. .1019, in which it is stated:

"But the Revised Statutes, as we have seen, are the law, and are to be looked to with safety and confidence by the citizen; nor need one, under the rules of construction shown in the authorities cited, look into the original acts, except to explain ambiguities in the Code."

Plaintiff in error further insists that the provision of section 5, art. 11, of the state Constitution, that cities chartered thereunder may levy, assess, and collect such taxes as may be authorized by law *or by their charter*, constitutes a direct grant of authority to the cities to levy any tax authorized by the charter, and that the Legislature is wholly without authority to restrict this power by any act of the Legislature. This article of the state Constitution, known as the home rule amendment, is as follows:

"Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the state, or of the general laws enacted by the Legislature of this state; said cities may levy, assess and collect such taxes as may be authorized by law or by their charters; but no tax for any purpose shall ever be lawful for any one year, which shall exceed two and one-half per cent. of the taxable property of such city, and no debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and creating a sinking fund of at least two per cent thereon; and provided further

that no city charter shall be altered, amended or repealed oftener than every two years."

Plaintiff in error contends that, if article 7078 is held applicable to the gasoline tax statute of 1923, same is contrary to the above-quoted provision of the Constitution, in that such provision empowers cities operating thereunder to collect such taxes as may be authorized by. law or by their charters, and that, as the charter of the city of Lubbock specifically authorized the levy of the tax complained of, the same is valid, and article 7078, if applicable, is invalid because in conflict with the Constitution.

We do not regard the home rule amendment as giving as wide a power as is claimed by the plaintiff in error in this case. The principal purpose of that amendment was to obviate the necessity of cities in the class named of constantly coming before the Legislature to obtain needed charter amendments. It was not, in our opinion, contemplated that cities coming under the provisions thereof could exercise any power in any respect that was inconsistent with the general laws of this state. Such purpose, we think, is made manifest by the provision in the amendment in question, which provides that:

"No charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the state, or of the general laws enacted by the Legislature of this state."

[4] No tax of any kind could be levied by a city without the adoption of an ordinance, and, by the express terms of the Constitution, no ordinance is permitted, the provisions of which are inconsistent with the Constitution or general laws of the state. The amendment clearly evinces the purpose that this restrictive provision should apply to all legislative powers attempted to be exercised by cities operating thereunder. The city of Lubbock, therefore, would have no authority under this amendment to pass an ordinance imposing an occupation tax if such tax is inhibited by the general laws of the state.

[5] Further insistence is made that article 1174a, R. S. 1925 (Vernon's Ann. Civ. St. 1925, art. 1174a) validating city charters theretofore adopted under the home rule amendment, was an express grant to the city of Lubbock to exercise the power granted in its charter to levy an occupation tax. The provisions of this article read as follows:

"That each charter, and amendment to a charter adopted by any city of more than five thousand inhabitants in this state, or where such city has amended or attempted to amend or adopt such charter, since the enactment of chapter 147, Acts of the Regular Session of the Thirty-Third Legislature of the state of Texas, 1923, and all proceedings had with reference thereto, are hereby validated, and are hereby declared to be in full force and effect, the same as if adopted in strict compliance with all the re-

quirements of said chapter 147, Acts of the Thirty-Third Legislature, and this act shall take effect and be in force from and after its passage."

An inspection of the language of this act shows that it was adopted for the purpose of validating *the proceedings* had by cities in adopting or amending their charters, against errors or irregularities in the mode and manner of adoption of the charter. A B C Storage Co. v. City of Houston (Tex. Civ. App.) 269 S. W. 822; Ex parte Curry, 96 Tex. Cr. R. 3; 255 S. W. 730; Ball v. City of McKinney (Tex. Civ. App.) 286 S. W. 341; Ex parte Goldburg, 82 Tex. Cr. R. 475, 200 S. W. 386; Brown Cracker & Candy Co. v. City of Dallas, 104 Tex. 290, 137 S. W. 342, Ann. Cas. 1914B, 504; Davis v. Holland (Tex. Civ. App.) 168 S. W. 11; City of El Paso v. Look (Tex. Civ. App.) 288 S. W. 506; City of Waco v. Grimes (Tex. Civ. App.) 288 S. W. 1113.

[6] The only effect of the validating act was to place all cities in the same position as if the proceedings by which they had attempted to adopt or amend their charters had been in all things regular and valid. The act was merely what it purported to be—a validating one—and, if any of the charters thus made effective contained provisions inconsistent with the general laws of the state, they are just as ineffective as they would have been had the original charter been adopted or amended in such a way as to render unnecessary the validation by an act of the Legislature.

[7] We conclude that the trial court correctly held the ordinance in question void, and that the judgment of the Court of Civil Appeals affirming the judgment of the trial court should be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.