CITY OF WACO v. GRIMES et al.    (No. 429.)†

(Court of Civil Appeals of Texas.    Waco.
    Nov. 18, 1926.    Rehearing Denied Dec.
                23, 1926.)

Automobiles ☞136—City cannot require li-
    cense fee from driver of service car (Rev.
    St. 1925, art. 6698).

    City cannot require license fee of $40 per
year from driver of service car, in view of
Rev. St. 1925, arts. 6677–6679, 6687, 6698.

    Appeal from District Court, McLennan
County; Sam R. Scott, Judge.

    Suit by O. E. Grimes and others against
the City of Waco.    Judgment for plaintiffs,
and defendant appeals.    Affirmed.

    See, also, 279 S. W. 312.

    John McGlasson and W. L. McConnell, both
of Waco, for appellant.
    W. B. Carrington, of Waco, for appellees.

    BARCUS, J.    This is an appeal by the city
of Waco from a permanent injunction grant-
ed by the district court restraining it from
enforcing that certain portion of an ordinance
which it had passed, and which provides:

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
    *Writ of error refused January 26, 1927.                    † Writ of error refused February 2, 1927.

"No license for the operation of a service car shall be issued to any person unless such person * * * shall have paid to the tax collector a license fee of $40 per year."

The ordinance in question provides other regulatory measures for the control and supervision of persons who operate service cars in the city of Waco, and provides a penalty for any one operating a service car without first paying the $40 and obtaining a license therefor. Under said ordinance, the driver of an automobile for hire, whether he is the owner or simply an employee, is required to pay the extra $40. The effect thereof is that if a man owns an automobile which he desires to use for hire, if he drives it himself he must pay to the state the registration fee required under article 6678 of the Revised Statutes and the additional sum of $40 to the city. On the other hand, if the owner of an automobile desires to hire a chauffeur to operate the car for hire, said chauffeur must pay the $3 fee required under article 6687 of the Revised Statutes, and in addition thereto pay the $40 to the city.

Appellant contends that under article 6698 of the Revised Statutes it has the right to "license and regulate" motor vehicles for hire, and that under said provision, in order to properly "license and regulate," it has the right to require the driver of an automobile for hire to pay a license fee of $40 per year.

Article 6698 of the Revised Statutes expressly prohibits municipalities from levying any additional fee for the operation of motor vehicles to that levied by the state. Articles 6677 and 6679 of the Revised Statutes provide a tax or registration fee to be paid by the owners of motor vehicles in order that they may operate same, and article 6687 provides a fee to be paid by chauffeurs (hired drivers) of automobiles. Almost the identical question involved in this litigation has been recently decided by the appellate courts against appellant's contention. A. B. C. Storage Co. v. City of Houston, 269 S. W. 882 (error refused); Ball v. City of McKinney, 286 S. W. 341 (error refused). In the Ball v. McKinney Case, the question involved was the right of the city to require drivers of motorbusses to pay a license fee before they could operate said cars as drivers. In the A. B. C. Storage Co. v. Houston Case, the issue was as to the rights of the city to require the owner of a car to pay a license fee for the driver of the car to operate same in the city for hire. In each of said cases it was specifically held and laid down as the law that under said article 6698 a municipality could not require a license fee to be paid by either the owner or driver of a motor vehicle before same could be operated for hire in the city. We concur with the holding expressed in said opinions, and same are determinative of the issues involved herein. The injunction in this case only restrained appellant from collecting the $40 license fee, and did not in any way prevent it from enforcing any other portion or provision of said ordinance.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.