C. E. BLACK, Appellant,

v.

Robert E. ALDRICH et al., Appellees.

No. 16135.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 14, 1960.

G. Gordon Whitman, Fort Worth, for appellant.

Thompson, Walker, Smith & Shannon, and Charles B. Harris, Fort Worth, for appellees.

MASSEY, Chief Justice.

We consider this case on appellees' motion to dismiss the appeal.

The last day for filing of appellant's brief was July 15, 1960. It was not filed by said date but was left with the clerk of this court on July 22, 1960, to be filed in the event attorney for appellant brought in a satisfactory briefing agreement entered into with opposing counsel. Evidently it was not possible to obtain any such agreement. Appellant did not file any motion for leave for a late filing or for an extension of time. The brief left with the clerk was never filed of record.

On August 1, 1960, the appellees filed a motion to dismiss the appeal by reason of the appellant's failure to file a brief. In a reply to said motion to dismiss the appellant filed an unsworn reply, unaccompanied by any instrument which might be considered to constitute proof of any material matter, in which reply it was stated that good cause existed for an allowance by this court of an extension of time within which appellant's brief might be filed. It was also stated therein that appellees had not suffer-

ed material injury (or would not suffer material injury) because of such an extension of time or because of the late delivery of the appellant's brief to the clerk.

■ Under provisions of Texas Rules of Civil Procedure, rule 414, "Briefs: Time for Filing, Etc.", and 415, "Briefs: Dismissal for Failure to File", we are of the opinion that in cases on appeal appellants are not entitled, as a matter of right, to file their initial briefs upon dates later than those calculable under the provisions of T.R.C.P. 414. Of course, under further provision of this Rule and T.R.C.P. 415, the Courts of Civil Appeals are vested with the discretion to permit appellants to file briefs at times later than those so calculable if appellants, under proper procedure requesting leave to extend such times, establish that good cause existed up to the times their requests were made and up to the times of the dates to which extensions of time were requested, and also properly rebut the presumptions obtaining that appellees have suffered material injury by reason of any late filings of appellants' briefs. In certain instances, denial of leave by Courts of Civil Appeals may, under circumstances possible to be hypothesized, constitute abuse of the discretion lodged in such courts.

■ Furthermore, under the provisions of said Rules the appellees in such instances are privileged to file motions to strike appellants' briefs which were filed after the times calculable by T.R.C.P. 414, where the state of records are such that it is made apparent that such briefs were filed too late, and in such cases the burden of proof is cast upon the appellants to properly show in instruments prima facie establishing good cause to have existed for the late filings permitted, up to the dates on which such filings occurred, and also properly rebutting the presumptions obtaining that appellees have suffered material injury by reason of such late filings.

■ Under provisions of T.R.C.P. 415, and decisions thereunder, it appears that Courts of Civil Appeals may decline to dismiss the appeals in instances where it is found that briefs were actually filed later than permitted by the Rules and where it furthermore appears that good cause for such late filings did not exist, or that appellants filing such briefs do not successfully rebut the presumption that appellees in such cases have indeed suffered material injury by reason of the delayed filings. It appears, however, that the only instances where it is proper for Courts of Civil Appeals to decline to dismiss are those in which proper decisions of the cases turn on matters amounting to fundamental error, or where questions of law are involved of importance to the public in general as distinguished from the parties to the appeal.

■ In the instant case, no appellant's brief was ever filed, and appellant did not file any motion for an extension of time within which to file the same. Furthermore, even if the brief left with the clerk on July 22, 1960, be treated as having been filed on that date, the answer appellant filed to appellees' motion to dismiss the appeal did not discharge the burden incumbent upon the appellant in such instances. Additionally, we do not perceive that the issues between the parties involve fundamental error, nor is there any question of law of importance to the public in general. It therefore appears that appellees' motion to dismiss should be sustained.

Appeal dismissed.

BOYD, J., not participating.