CITY OF STAMFORD ET AL., V. J. R. BALLARD ET AL

No. A-8141. Decided March 29, 1961
(344 S. W. 2d Series 861)

*Jack W. Watson,* of Stamford, for appellants.

*Curtis F. Pogue,* Ratliff & Ratliff, of Haskell, for appellees.

MR. JUSTICE NORVELL delivered the opinon of the Court.

This is a plea of privilege case involving exception 4 of Article 1995, Vernon's Ann. Tex. Stats. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S. W. 2d 1300. J. R. McDaniel is the "resident defendant" and the City of Stamford is the "nonresident defendant." The plaintiffs J. R. Ballard and others prayed for judgment declaring that ordinance No. 364 of the City of Stamford was invalid upon the premise that it was contrary to the Water Safety Act, Article 1722a, Vernon's Ann. Pen. Code. The trial court overruled the pleas of privilege filed by McDaniel and the city. In a tentative opinion the Court of Civil Appeals sustained the action of the trial court in overruling McDaniel's plea inasmuch as he was a resident of Haskell County where the suit was filed, but sustained the city's plea upon the holding that no cause of action was proved against McDaniel, the resident defendant.

This being a case which could not reach this Court by writ of error, State of Texas v. Wynn, 157 Tex. 200, 301 S. W. 2d 76, and the controlling question being one of general importance throughout various sections of the State, the Court of Civil Appeals (pending rehearing) certified the following determining question to this Court in accordance with the provisions of Rule 461, Texas Rules of Civil Procedure.

"Did we err in holding that that part of ordinance 364 of the City of Stamford which authorizes collection of an inspection fee for rent boats used on said lake (Lake Stamford) is not in conflict with that part of Article 1722-a which provides that no numbering or registration fee, or other like burden may be required of any owner of a motorboat by a city?

We answer the question in the negative for the following reasons:

Plaintiffs, J. R. Ballard and others sued J. R. McDaniel, a resident of Haskell County and the City of Stamford which "in the contemplation of the venue laws of this state * * * is a resident of and is domiciled in (Jones) County, where its governmental functions are exercised." City of Grand Prairie v. State

ex rel. Crouch, 266 S. W. 2d 184, no wr. hist. McDaniel is employed by the City as a "Lake Officer" of the City of Stamford and is attempting to collect the "inspection fees" provided for by ordinance No. 364 from Ballard and others who own some fifty boats which they rent to various persons who wish to use them for pleasure purposes on Lake Stamford. The lake is in Haskell County but has been annexed to the City of Stamford. It constitutes municipal water supply for the city and is a recreational and boating center.

Ordinance No. 364 contains detailed provisions as to the inspection of boats to be used on Lake Stamford and prohibits the operation of a boat upon the lake unless it has been inspected by the Lake Officer. It is made the duty of the Lake Officer to determine "whether said boat or craft is seaworthy or safe for use by person or persons upon Lake Stamford without danger to body or property." Provision is also made for testing the boat for seaworthiness, ascertainment of motor horsepower, fixing of proper passenger carrying capacities, use limitations and the like. A charge for such inspections is made, consisting of $5.00 for all boats except "rent boats," that is craft kept on the lake for rental purposes. The inspection charge for the latter class of boats is fixed at $18.00 per year, and this is the exaction which plaintiffs are resisting.

Section 4 of the Water Safety Act, Article 1722a § 4, Vernon's Ann. Pen Code, is a registration statute and provides for numbering of motorboats, registration thereof and the issuance to the owner of the boat a "Certificate of Number stating the number awarded to the motorboat and the name and address of the owner." In the event of the sale of the boat, provision is made for the transfer of the Certificate of Number to the new owner.

Section 17 of the Act, Article 1722a. § 17 Vernon's Ann. Pen. Code provides for fees to be charged for the issuance of original or renewal Certificates of Number. This section contains a provision that:

"The Certificate of Number and numbering for purpose of identification, and the fees herein provided for shall be in lieu of all other similar registrations heretofore required by a county, municipality or other political subdivision of this State, and no such registration fees or other like burdens

shall be required of any owner of any motorboat by any county, municipality or other subdivision of the State."

Section 13(a) of the Act, Article 1722a. § 13(a), Vernon's Ann. Pen Code provides that:

"The provisions of this Act, and of other applicable laws of this State, shall govern the operation, equipment, numbering and all other matters relating thereto whenever any vessel shall be operated on the waters of this State, or when any activity regulated by this Act shall take place thereon, but nothing in this Act shall be construed to prevent the adoption of any ordinance or local law relating to operation and equipment of vessels, the provisions of which are consistent with the provisions of this Act, amendments thereto or regulation issued thereunder, provided further that an incorporated municipality may adopt ordinances limiting the horsepower of motorboats on all lakes owned by or situated in the jurisdictional limits of such municipality."

We think the present case is clearly distinguishable from City of Corpus Christi v. Texas Driverless Co., Texas. Civ. App., 187 S. W. 2d 607, Id. 144 Tex. 288, 190 S. W. 2d 484, wherein both the Court of Civil Appeals and this Court treated the fee sought to be levied upon driverless automobiles as a "license fee" and hence invalid.

The provisions of the Water Safety Act which plaintiffs say operate to nullify the city ordinance relate strictly to registration of motorboats and the issuance of evidences of title. Such provisions do not comprehend such things as seaworthiness of boats, regulation of motor horsepower, passenger carrying capacity and the like. We think the Court of Civil Appeals correctly disposed of plaintiffs' contentions in its tentative opinion wherein it was said:

"Section 13(a) plainly says that the legislature did not intend to prevent the adoption of any ordinances relating to the operation and equipment of boats which are consistent with the Water Safety Act. True, subdivision (d) of section 17, Article 1722a, provides that the fee paid the State for a certificate of number shall be in lieu of all other similar 'registrations' heretofore required by a city and that no such registration fee, or 'other like burdens,' shall be required of any owner of a motorboat by any city. The ques-

tion presented is whether the inspection fee required by the ordinance is a like burden to the registration, or certificate of number, fee required by Article 1722a. Subdivision (d) of section 17, Article 1722a, has reference to a license or registration fee paid for an identifying number. The provisions are similar to the requirement of a registration fee for an automobile. Long after a registration fee was required the State required an annual inspection of automobiles and payment of an inspection fee. Section 17 has no direct reference to rent boats, as such. The Water Safety Act specifically provides that cities may pass ordinances consistent with Article 1722a relating to operating and equipment of vessels. Of course, it is desirable that those renting boats furnish their customers with safe boats. The city is certainly not directly burdening the owner of rent boat with a registration fee. It requires an inspection to determine whether rent boats are safe and payment of a fee. The validity of the ordinance is not attacked upon the theory that it is exorbitant. The question is whether such inspection fee is a 'like burden' to the registration fee, or numbering fee, required as incidental or obtaining an identifying number. * * * The inspection fee required by the City and the registration fee required by the State are different in most characteristics except that money is required for the payment of both. We think there is little more resemblance between the two than there is between parking m e t e r charges, automobile registration fees, plumbing inspection fees and the like. The legislature has recognized the difference between the inspection and registration of automobiles as distinct pieces of legislation. * * * We conclude that the legislature did not intend to preclude cities from inspecting rent boats used on their waters and charging a fee therefor. It follows that plaintiffs did not prove a cause of action against the resident defendant."

Certified question answered in the negative.