Kathelene FRANKE, Appellant,

v.

Tommy W. FRANKE, Appellee.

No. 10.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 5, 1963.

Maynard F. Robinson, San Antonio, for appellant.

O. Kennedy, Beeville, for appellee.

NYE, Justice.

This is a divorce suit. The trial court, without the intervention of a jury, entered a decree of divorce for the plaintiff Tommy W. Franke, approving the property settlement agreement made and entered into by the parties and awarding attorney fees

to the attorney for the defendant. The defendant Kathelene Franke, the appellant in this court, promptly gave notice of appeal. The judgment was signed and entered May 21, 1963. No motion for new trial was filed. There were no findings of fact or conclusions of law requested of the trial judge. Appellant filed her affidavit in lieu of an appeal bond, stating that she was unable to pay the costs of appeal or any part thereof, or to give security therefor.

■ The transcript was timely filed on July 2, 1963, in the Court of Civil Appeals for the 4th Supreme Judicial District of Texas, at San Antonio, Texas. A Statement of Facts was tendered for filing on August 30, 1963, more than sixty days after the judgment of the trial court was rendered and signed. On September 9, 1963, the case was transferred to this court pursuant to an order of the Supreme Court of Texas. This court acquired jurisdiction of the appeal by reason of the timely filing of the transcript. Darden v. Davies, 217 S. W.2d 892 (Tex.Civ.App., 1949).

■ Appellant filed a motion on September 12, 1963, to admit the tendered Statement of Facts as part of the record and as if timely filed herein. This motion was filed more than fifteen days after the expiration of the sixty-day period provided by Rule 386, Texas Rules of Civil Procedure and was, therefore, overruled. Where a motion was filed in the Court of Civil Appeals to enlarge the time within which to file and accept the Statement of Facts more than fifteen days after the expiration of the sixty days from the rendition of the final judgment, the court was without jurisdiction to grant the motion irrespective of any reason purporting to show good cause given in the motion. Rule 386, T.R.C.P. As a part of this same motion filed by this appellant, she asked for additional time within which to file her brief. The motion was overruled.

■ Rule 414 T.R.C.P. provides that appellant shall file her brief in the Court of Civil Appeals within thirty days after the filing of the transcript (and Statement of Facts, if any). Her time for filing her initial brief expired August 1, 1963. The motion was filed September 10, 1963. Appellant is not entitled as a matter of right to file her initial brief on dates later than those calculated under Rule 414 T.R.C.P. Black v. Aldrich, 339 S.W.2d 340 (Tex.Civ. App., 1960).

■ Appellee filed a motion to affirm or in the alternative to dismiss the appeal. Thereafter, and three and one-half months after the time had expired for the filing of the appellant's brief, the appellant tendered her initial brief, unaccompanied by any motion. Appellant has not offered to show that good cause existed for her failure to timely file her brief, or that appellee has not suffered material injury thereby. It must be presumed that appellee has suffered consequential injury in that he has been denied thereby the exercise of his affirmative right to seasonably file a brief for himself in reply to that of appellant. The failure to comply with the rules relative to the filing of briefs authorizes the court to dismiss the appeal. Rules 414 and 415 T.R.C. P.; Sneed v. Moore, 330 S.W.2d 472 (Tex. Civ.App., 1959), and authorities cited therein.

■ In the absence of a Statement of Facts it must be assumed that there was evidence to support the judgment of the trial court. The presumption prevails in favor of the judgment, and this court cannot disturb it. Root v. Hester, 309 S.W.2d 480 (Tex.Civ.App., 1958, writ ref.); Quarles v. Horton & Horton Building Materials Co., 336 S.W.2d 267 (Tex.Civ.App., 1960).

■ We have carefully read the transcript (and the tendered brief which was received but not filed herein). The record before us does not present any matter involving fundamental error, nor does it present any questions of law that are of any importance to the public in general as dis-

tinguished from the parties to this appeal. For the reasons stated in this opinion, and inasmuch as the judgment of the trial court stands unimpaired upon the dismissal of the appeal, appellee's motion to dismiss is granted.

Appellant's appeal is dismissed.