**CITY OF CORPUS CHRISTI, Appellant,**

v.

**Harvey Ray GILLEY, Individually and on behalf of all other Taxicab Drivers in the City of Corpus Christi, Appellee.**

No. 36.

Court of Civil Appeals of Texas.

Corpus Christi.

April 30, 1964.

Rehearing Denied May 21, 1964.

I. M. Singer, City Atty., J. R. Keeling, Asst. City Atty., Corpus Christi, for appellant.

Howard F. Sudduth, Corpus Christi, for appellee.

SHARPE, Justice.

This is an appeal by the City of Corpus Christi, Texas, from an order temporarily enjoining it from the enforcement of that portion of City Ordinance 6530, enacted on May 29, 1962, which requires payment of a fee in the amount of $5.00 as a prerequisite to issuance of a City Chauffeur's License or renewal thereof.

Harvey Ray Gilley, appellee, brought this suit individually and in a representative capacity for all persons engaged in the occupation of driving taxicabs in the City of Corpus Christi, Texas, for temporary and permanent injunction prohibiting said City from requiring payment of such fee as one of the conditions for securing a City Chauffeur's License. At all times material to this suit it was established that appellee held a valid State Chauffeur's License as provided for by Article 6687b, Vernon's Ann.Tex. Civ.St. After preliminary hearing, the trial court granted a temporary injunction in favor of appellee, individually and as representative of such class, and found, among other things " * * * that the provision of said ordinance relating to the payment of fees to the City of Corpus Christi, Texas, for the issuance and/or renewal of such City Chauffeur's Licenses required of taxicab drivers is illegal, unconstitutional and in conflict with the State Laws relating to the payment of fees for licenses to drive motor vehicles . . . ."

Although appellant urges six points of error, the case turns upon the correctness of the last-mentioned findings of the trial court. The City, by its point number six, contends that it may properly charge a reasonable regulatory fee for the issuance of a City Chauffeur's License and that there is no conflict between Ordinance 6530 and State Law, particularly Article 6687b, V.A. T.S., in such respect.

■ We have concluded that the judgment of the trial court should be affirmed. The controlling issue in this case has heretofore been decided adversely to appellant's contention by the Waco Court of Civil Appeals in the case of Reed v. City of Waco, 223 S.W.2d 247, 256 (1949), with writ of error unqualifiedly refused by the Supreme Court of Texas. See also Payne v. Massey, 145 Tex. 247, 196 S.W.2d 493 (1946); Ball v. City of McKinney, 286 S.W. 341 (Tex.Civ.App., 1926 wr. ref.); City of El Paso v. Look, 288 S.W. 506 (Tex. Civ.App., 1926, wr. ref.); City of Waco v. Grimes, 288 S.W. 1113 (Tex.Civ.App., 1926, wr. ref.); Ex parte Heine, 158 Tex.Cr.R. 248, 254 S.W.2d 790 (1953). These cases are authority for the proposition that although a City may reasonably require a City Chauffeur's License under certain conditions, it is powerless to require the payment of a fee as a prerequisite to the issuance of same, and, particularly, for the operation of a taxicab.

Appellant's contention that the City is entitled to charge a fee in connection with issuance of a City Chauffeur's License under the decision in City of Stamford v. Ballard, 162 Tex. 22, 344 S.W.2d 861 (1961), is not well taken. In that case the Supreme Court held that a boat inspection ordinance of the City of Stamford was not in conflict with Article 1722a, Vernon's Ann.P.C. (Texas Water Safety Act), and that a reasonable inspection fee imposed by said ordinance was valid. The Supreme Court pointed out that the provisions of the Water Safety Act relate strictly to registration of motorboats and issuance of evidence of title, and not to the matters covered by the said ordinance. It appears further that the Water Safety Act contains a provision which, in part, reads " * * * nothing in this Act shall be construed to prevent the adoption of any ordinance or local law relating to operation and equipment of vessels, the provisions of which are consistent with the provisions of this Act, amendments thereto or regulations issued thereunder * * *." This is not analogous to the situation presented here where the Statute, Article 6687b, V.A.T.S., contains comprehensive and detailed provisions concerning Chauffeur's Licenses and imposes a fee in connection with issuance thereof which must be paid to the State. We expressly overrule the contention of appellant that City of Stamford v. Ballard, supra, modifies or changes the rules announced in Reed v. City of Waco, supra, or Payne v. Massey, supra.

■ Appellant's points one through five do not require extended discussion.

Under City Ordinance 6530 a taxi driver is required to obtain a City Chauffeur's License in order to operate a cab for persons holding franchises from the city to engage in such business, and it is a criminal offense under such ordinance for a franchise holder to employ a driver who does not hold such City Chauffeur's License. It thus appears that a person who is otherwise entitled to drive a cab in Corpus Christi, Texas, is denied a City Chauffeur's License solely because of nonpayment of the $5.00 fee in question, and, as a practical matter, is denied the right to work at his occupation. This case presents a situation in which the trial court can properly find that appellee has established a property right sufficient to enjoin the enforcement of an unconstitutional or void ordinance which causes him irreparable injury for which he has no plain, adequate and complete remedy at law, and is within the exception to the rule that ordinarily an injunction will not be granted to stay enforcement of a penal ordinance. City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S.W. 528 (1894); Neal v. Boog-Scott, 247 S.W. 689 (Tex.Civ.App., 1923, no writ history); Bielecki v. City of Port Arthur, 12 S.W.2d 976 (Tex.Com.App., 1929); Adams v. Antonio, 88 S.W.2d 503 (Tex.Civ.App., 1935, wr. ref.); Smith v. Decker, 158 Tex. 416, 312 S.W.2d 632 (1958); Cf. State v. Logue, Tex., 376 S.W.2d 567 (1964). The sole effect of the temporary injunction herein is to prevent the City from requiring payment of the said fee as a prerequisite to issuance of a City Chauffeur's License until the case is determined on the merits; meanwhile, appellee has been required to post bond in the amount of $750.00 conditioned that the temporary injunction was not improperly granted. The evidence was sufficient to support a finding by the trial court that appellee was representative of the class of taxi drivers involved.

The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised, its order should not be overturned unless the record discloses a clear abuse of discretion Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W. 2d 235 (1947). Abuse of discretion does not appear in this case.

The judgment of the trial court, granting temporary injunction, is affirmed.