**SUNSET BRICK & TILE, INC., et al.,**
**Appellants,**

v.

**Myrtle C. BUSHONG, a widow, et al.,**
**Appellees.**

**No. 335.**

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 28, 1967.

Lipscomb Norvell, Jr., of Benckenstein & Norvell, Beaumont, for appellants.

Mike Willatt, of Carroll, Matthews & Willatt, Houston, for appellees.

## OPINION

NYE, Justice.

This is an appeal from an order of the trial court which overruled the plea of privilege of the appellants Sunset Brick & Tile, Inc. and Daniel V. Leazer. The suit was instituted by Myrtle C. Bushong,

a widow, individually and as next friend of her minor daughter Linda Bushong to recover damages for the death of appellees' husband and father alleged to have resulted from an automobile-truck collision near Palacios in Matagorda County, Texas. The appellees, by their controverting affidavits, sought to maintain venue in Matagorda County, Texas by virtue of article 1995, subsection 9a against both appellants and section 23 of article 1995, against corporate appellant Sunset Brick & Tile, Inc. The pleas of privilege were heard by the trial court sitting without a jury. No findings of fact or conclusions of law were requested or filed.

■ The test on appeal from an order overruling a plea of privilege as to the evidence is the same as in any other civil case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (Tex.Comm'n App.1935). It has been universally held by our appellate courts that in order to maintain venue under subsection 9a of article 1995, the plaintiff must allege and prove facts that an act or omission of negligence of the defendant or his servant, agent or representative, acting within the scope of the employment proximately caused plaintiffs' injuries and that such negligence occurred in the county where the suit was filed. It is also a fundamental rule that when a case is tried without a jury and where no findings of fact or conclusions of law are requested of or filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory and every issue sufficiently raised by the evidence must be resolved in support of the judgment. Henderson v. Willmon, 407 S.W.2d 24 (Tex.Civ.App.—Texarkana, 1966, wr. dism'd); 3B Tex.Jur. § 873, p. 278.

Appellants in four points contend that the court erred in overruling their plea of privilege to be sued in Gonzales County, Texas, the county of their residence and/or residence of their registered agent because there was no evidence that the defendants were guilty of negligence which proximately caused appellees' damage.

■ Our duty in this connection is to examine the record in the light of appellants' points of error and determine if the evidence is legally sufficient to support the trial court's judgment. If discarding all adverse evidence and giving credit to all evidence that is favorable to the plaintiffs and indulging every legitimate conclusion favorable to the plaintiffs which might have been drawn from the facts proved, a trier of the facts might have found in their favor, then there is sufficient evidence to support the finding. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 99 (1953). See this court's opinion in Frick v. Duge, 413 S.W.2d 750 (Tex.Civ.App.—Corpus Christi 1967, n. w. h.) and Sunset Brick & Tile, Inc. v. Miles, 417 S.W.2d 93 (Tex.Civ.App.—Corpus Christi 1967).

■ The record before us which includes the statement of facts shows that the collision in question occurred on the morning of March 17, 1965 at approximately 5:30 in the morning. Appellee Myrtle Bushong's husband was driving his automobile on his way to work in the oil fields. Four other men were riding as passengers in his car. It was dark and there was a misting rain. The testimony was that Bushong's car was estimated to be traveling between 45 and 53 miles per hour shortly before the collision. The truck, loaded with bricks was travelling in the same direction as the Bushong car and was estimated to be going between 10 and 30 miles per hour. The car collided with the back of the loaded brick truck some one quarter mile past the outskirts of Palacios. The appellees alleged negligence generally contending principally that the trailer on the brick truck had no lights on it at the time of the collision and that the reflectors were dirty and unoperative.

Further testimony from one of the passengers Vincent, who was riding in the right rear seat of Bushong's car was, that he was watching the road ahead and that

the truck was about 30 feet in front of him when he first saw it and he did not see any lights on the back or the side of the trailer. Another witness, Carl Wessels, who was riding in the right front passenger seat at the time of the collision, testified to the effect that he was looking ahead and that he estimated that the truck was about forty feet away when he first saw it; that he saw the back end of the truck immediately prior to the collision but saw no lights on it.

The defendant truck driver Daniel V. Leazer, was an employee of corporate defendant Sunset Brick & Tile, Inc., and was working in the scope and course of his employment at the time of the collision. He testified that he never did see Bushong's vehicle prior to the collision and he could not say whether his trailer lights were on at the time of the collision or not. He admitted that he had been having trouble with the trailer lights that morning, testifying that the wire had worn through, midway along the trailer, where it rested on the crosspiece, and that he had had to fix this and replace the fuse before leaving the brickyard. Immediately after the collision the defendant truck driver and highway patrolman checked over the trailer and found that the fuse which the driver had replaced that morning was again blown out. The defendant driver gave a statement in which he admitted the possibility of his trailer lights being out at the time of the collision. There was other testimony by the truck driver to the effect that he had not checked the reflectors on the trailer that morning and he admitted that it was hard to keep them clean in wet weather.

The record shows that the damages suffered by the appellees were offered into evidence as requests for admissions and the order of the court deeming plaintiffs' requests for admissions to be admitted. This was to the effect that Alfred L. Bushong was the driver of the automobile involved in the collision; that he was killed as a result of the collision; that at the time of his death he was married to appellee Myrtle C. Bushong and that appellee Linda Bushong represented herein by her mother as next friend, is the surviving minor child of the marriage of Myrtle C. Bushong and Alfred L. Bushong, the deceased.

We hold that there is legally sufficient evidence that a cause of action arose in Matagorda County so as to support the judgment of the trial court and to maintain venue in that County, not only under subsection 9a of article 1995 but also as to the corporate appellant under section 23 of article 1995. Appellants' points are overruled.

Judgment of the trial court is affirmed.