

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

*See subsection 4.04 (e) and (F) of article 601 b'*

March 10, 1969

Honorable Ward W. Markley
Jasper County Attorney
County Courthouse
Jasper, Texas

Dear Mr. Markley:

Opinion No. M- 350

Re: Whether a state agency may sell surplus property directly to a county under provisions of Article 666, Vernon's Civil Statutes, or Article 1722a, Vernon's Penal Code.

By recent letter, you have requested an opinion from this office regarding the above stated matter. We quote, in part, from your letter as follows:

"The Parks and Wildlife Agency has a surplus boat in our County which they would like to sell to the County if at all possible, and I have been asked to obtain an opinion in this connection.

"I find that under Article 666, Vernon's Annotated Civil Statutes Section 4(a) One State Agency may transfer or negotiate with another State Agency for the transfer of any surplus property. . . .

"I am unable to find where a State Agency may negotiate directly with a County for the sale of surplus property without first seeking competitive bids. If there is some way, or some other Statute by which this can be done, I will appreciate very much your opinion in this connection."

Subsequent to your letter requesting an opinion quoted, in part, above, we have received another letter from you, which we quote, in part, as follows:

- 1738 -

"In my request for an opinion on the disposal of surplus property by the Game and Fish Commission to the County, by letter dated February 5th, I am wondering if there is a possibility that this transfer of this boat could be made under the Water Safety Act?"

Article 666, Vernon's Civil Statutes, controls the disposition of surplus or salvage state property. Section 4 of Article 666 is quoted, in part, as follows:

"Sec. 4. (a) All state agencies which determine that they have surplus property shall inform the Board /the Board of Control7 of the kind, number, location, condition, and original cost or value and date of acquisition of the property. The Board may inform other state agencies of the existence, kind, number, location and condition of any surplus property. Any state agency when so informed may negotiate directly with the other agencies for an inter- agency transfer of the property but shall inform the Board of its interest in order that the property will not be sold or disposed of before a transfer may be made. If a transfer of surplus property is made the agencies taking part in the transfer shall mutually agree on the value of the transferred property and shall report the value to the Comptroller. The Comptroller shall credit and debit their respective appropriations and ad- just the state inventory records to show the transfer if inventoried property is transferred. Transfers of surplus property shall be reported to the Board but the consent of the Board shall not be required for any transfer. After surplus property is reported to the Board it shall not be sold by the reporting agency unless written authority to sell is given by the Board.

"(b) If no state agency desires to receive any property reported as surplus the Board shall dispose of the property and recover for the state the maximum money value possible. The Board may by rules and regulations establish procedures for the sale and disposition of surplus property, but shall always seek competitive bids in all sales." (Emphasis added.)

-1739-

We agree with your analysis of the above quoted section to the effect that a county is not empowered therein to negotiate directly with or purchase state surplus property from a state agency.

Your second question necessitates an analysis of Article 1722a, Vernon's Penal Code, referred to as the "Water Safety Act."

Section 4 of Article 1722a is the only provision of the Act which may relate to the question at hand. This section concerns the necessity of owners of motorboats to acquire a registration number from the Texas Highway Department before operating upon waters of this State.

However, the boat in question is exempt from the provisions of registration under Section 4 by Subsection (3) of Section 8 of Article 1722a, Vernon's Penal Code. Subsection (3) of Section 8 is quoted as follows:

"Section 8. A motorboat shall not be required to be numbered under the Act if it is:

"(1) . . .

"(2) . . .

"(3) A motorboat whose owner is the United States, a state or subdivision thereof." (Emphasis added.)

The Supreme Court of Texas in City of Stamford v. Ballard, 162 Tex. 22, 344 S.W.2d 861 (1961), stated at page 862:

"Section 4 of the Water Safety Act, Article 1722a, Sec. 4, Vernon's Ann.Pen.Code is a registration statute and provides for numbering of motorboats, registration thereof and the issuance to the owner of the boat of a Certificate of Number stating the number awarded to the motorboat and the name and address of the owner. In the event of the sale of the boat, provision is made for the transfer of the Certificate of Number to the new owner."

Based upon a review of Article 1722a, Vernon's Penal Code, and the above cited case, it is our opinion that Article

1722a does not authorize transfer of the boat in question by the Parks and Wildlife Department to your county.

We find no other statute or authority by which a state agency may negotiate or sell state surplus property directly to a county other than through competitive bids pursuant to Section 4(b), Article 666.

## S U M M A R Y

Article 666, Vernon's Civil Statutes, does not authorize a state agency to negotiate or sell state surplus property directly to a county, but such property may only be sold by competitive bids under Article 666, Sec. 4(b).

The "Water Safety Act," Article 1722a, Vernon's Penal Code, does not authorize a state agency to transfer surplus state property to a county.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Joseph H. Sharpley
Fielding Early
Charles Parrett
Arthur Sandlin

W. V. GEPPERT
Staff Legal Assistant