**CITY OF CORPUS CHRISTI, Appellant,**

v.

**Harvey Ray GILLEY et al., Appellees.**

**No. 530.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 27, 1970.

Rehearing Denied Sept. 24, 1970.

I. M. Singer, City Atty., James R. Riggs, Asst. City Atty., Corpus Christi, for appellant.

Lyman & Sudduth, Howard F. Sudduth, Corpus Christi, for appellees.

OPINION

NYE, Justice.

This is the second appeal by the City of Corpus Christi from an order enjoining it from collecting or attempting to collect fees relative to City Chauffeur's licenses.

The appellee Harvey Ray Gilley individually, and as a representative for all persons engaged in the occupation of driving taxicabs in the City of Corpus Christi, brought this suit against the City for a

declaratory judgment and injunctive relief as it pertained to certain provisions contained in the City Taxicab Ordinance. The provisions complained of, required the payment of a fee as a prerequisite to the issuance of a City Chauffeur's license for taxicab drivers. It was contended by appellee that the provision in the ordinance requiring the payment of such a fee to the appellant City was void, unconstitutional and unenforceable, by reason of being in conflict with the provisions of Articles 6687b and 6698, Vernon's Ann.Civ.St.

On October 10, 1963 the trial court issued a writ of temporary injunction against the City, its Mayor, Members of the City Council, etc., enjoining them from collecting or attempting to collect fees for the issuance and/or renewal of City Chauffeur's licenses as required by its ordinance No. 6530. The City perfected its appeal from the temporary injunction to this Court. We affirmed the judgment of the trial court, holding: a) that the ordinance was void; and b) that the issuance of the temporary injunction was not an abuse of discretion. The Supreme Court refused the application for writ of error, n. r. e.[1]

This appeal is from a trial on the merits of this cause. The trial court entered a permanent injunction, which perpetuated the previous temporary injunction and declared the fee provision contained in the subject ordinance to be illegal, unconstitutional and in conflict with the state laws relating to the payment of fees for licenses to drive motor vehicles. The City in perfecting its appeal, filed only a transcript. No findings of fact or conclusions of law were requested or filed in compliance with Rule 306, Texas Rules of Civil Procedure. No statement of facts appear as a part of the record of this appeal. Although certain stipulations were made by the attorneys representing both the appellant and appellee, the case was not submitted to the trial court upon an agreed statement of facts as provided by Rule 263, T.R.C.P. The judgment of the court states: " * * * whereupon a jury having been waived, the Court proceeded to consider the pleadings, stipulations of the parties, *evidence* and argument of counsel of the respective parties and it appearing to the Court. * * * ", etc. (Emphasis supplied.)

■ There are no ..findings of fact and/or conclusions of law for us to consider. There is no statement of facts filed in this Court, the evidence from which we could review. There is no agreed statement of facts which would constitute the record of this cause. Therefore, we must presume that the trial court found every issuable fact necessary to sustain its judgment. This is true to the extent that such relevant facts were raised by the pleadings, supported by the evidence and are authorized by law., See Sunset Brick & Tile, Inc. v. Bushong, 419 S.W.2d 386 (Tex. Civ.App.—Corpus Christi 1967) and Beddall v. Reader's Wholesale Distributors, Inc., 408 S.W.2d 237 (Tex.Civ.App.—Houston, 1st, 1966).

■ The appellant states in its brief that this appeal contained additional facts and authorities not heretofore cited or discussed by this Court in the previous appeal. Appellant argues that this case warrants reconsideration. Appellant contends that the trial court's orders which are now permanent in nature, cannot be re-affirmed under the guise of protecting the broad discretion of the trial court as we held in connection with the appeal under the original temporary injunction. In the light of our holdings herein relative to the evidence that was received and heard, the only points that are now subject to appellate review here are such points of error that would amount to fundamental error. Franke v. Franke, 373 S.W.2d 891 (Tex. Civ.App.—Corpus Christi 1963); Jen-

---

1. City of Corpus Christi v. Gilley, 379 S.W.2d 84 (Tex.Civ.App.—Corpus Christi 1964, ref. n. r. e.).

nings v. Fredericks, 190 S.W.2d 707 (Tex. Civ.App.—Galveston 1945, err. ref.)

■ The judgment of the trial court contained only two basic judicial rulings. (1) It declared the City Ordinance in question to be illegal, unconstitutional and in conflict with the laws of the State of Texas. (2) It enjoined the City from collecting the license fees. These same rulings were passed upon by this Court in the previous appeal. (City of Corpus Christi v. Gilley, supra). They are therefore the law of this case. No useful purpose would be shown by reiterating our previous holding. The cases we cited then, still speak out authoritatively. The appellee has never asserted that the City of Corpus Christi did not have the right to license taxicab drivers or impose reasonable conditions and restrictions on the obtaining of a license. Their contention then was, and it is now, that the ordinance is void because it requires taxicab drivers to pay a fee as a prerequisite to the issuance of the chauffeur's license for the operation of a taxicab.

■ Article 6687b, V.A.C.S. which deals with the licensing of operators of motor vehicles, prescribes the requirements of such applicants and provides for the payment of fees to the State of Texas for the issuance of such state licenses. Article 6698, V.A.C.S., authorizes and gives to municipal corporations the right to license and regulate the use of motor vehicles for hire, but it prohibits the cities from levying or collecting any occupation tax or license fees on such motor vehicles. Appellee and other taxicab drivers have the right to drive commercial vehicles by virtue of the license granted by the State of Texas for which a fee is paid to the State. The appellant City has no right to impose an additional fee for a City Chauffeur's license. The trial court was correct in en-

tering its injunction enjoining the City from so doing.

■ The City has again urged this Court to reverse the trial court's judgment on the basis that a court of equity cannot enjoin the enforcement of a criminal law. The City contends that since the subject ordinance is a penal ordinance, the trial court erred in purporting to extend equitable relief where no property rights were involved. It is true that as a general rule that our courts of equity do not enjoin the enforcement of a criminal law. However, there is an exception to this rule. Where the criminal law is unconstitutional and enforcement thereof involves an invasion of property rights which will result in irreparable injury, equity will intervene by enjoining the enforcement of this law. State v. Logue, 376 S.W.2d 567 (Tex.Sup.1964).

■ Since we have no statement of facts before us, it must be presumed that the trial court found, with evidence to support such findings, irreparable injury to the appellee for which he has no complete remedy at law.[2] The ordinance in question is void. It was therefore proper for the trial court to enjoin the enforcement of this ordinance.

We hold that the trial court was correct in declaring the provisions contained in the ordinance relating to the payment of fees to the appellant City for the issuance and/or renewal of City Chauffeur's licenses or other City driver's licenses required of taxicab drivers illegal, unconstitutional and in conflict with the laws relating to the payment of fees for a license to drive motor vehicles. We further hold that the court was correct in issuing its injunction enjoining the enforcement of such ordinance for the reasons heretofore set forth. The judgment of the trial court is affirmed.

Affirmed.

2. Evidence relative to this property right was discussed in part by us on the previous appeal. City of Corpus Christi v. Gilley, supra.

GREEN, Chief Justice (concurring).

In City of Corpus Christi v. Gilley, Tex.Civ.App., Corpus Christi 1964, 379 S.W.2d 84, wr. ref. n. r. e., which was an appeal from an order granting a temporary injunction in this cause, we held the portions of Corpus Christi City Ordinance No. 6530 requiring payment of a fee to the City for the issuance and/or renewal of a City Chauffeur's License to be in conflict with certain statutes, and particularly Art. 6687b, V.A.T.S., and hence void. See also Art. 6698, V.A.T.S. I remain of the view that said portions of the ordinance are void and unenforceable.

I have examined, along with the rest of the record of this appeal, the stipulations agreed upon at the trial on the merits and contained in the transcript. I have also considered the statement of facts of the evidence on the hearing for a temporary injunction which was filed with us on the appeal from that hearing, supra, and which was introduced into evidence as an exhibit and considered by the court in the trial on the merits. It is my conclusion that the record on the instant appeal, including the aforementioned documents, fully supports the judgment of the trial court enjoining the enforcement by appellant of the void provisions of the ordinance here involved.

I concur in the affirmance of the judgment.

SHARPE, Justice (concurring).

I concur in affirmance of the judgment and join in the separate opinion of Chief Justice GREEN.