

# THE ATTORNEY GENERAL
## OF TEXAS

January 23, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-624

Re:  Regulation of boats on the San Jacinto River, and related matters

Dear Mr. Driscoll:

Your letter requesting an opinion from this office asks:

> 1.  Does the Harris County Commissioners Court have the authority to prescribe regulations governing the speed and operation of boats on the San Jacinto River?

> 2.  If the foregoing question is answered in the affirmative, does the Harris County Commissioners Court have the authority to post signs and buoys specifying maximum speed limits?

> 3.  If question number 1 is answered in the affirmative, what law enforcement agencies are authorized to enforce said speed limits?

Chapter 31 of the recently amended Texas Parks and Wildlife Code is devoted to water safety. See Acts 1985, 69th Leg., ch. 267, art. 2, at 1251, 1267 et seq. "Boating regulations" are the subject of subchapter D thereof. Section 31.091 declares that -- in the interest of uniformity -- basic authority for the enactment of such regulations is reserved to the state, but section 31.092 authorizes local regulation in certain instances, so long as the local regulations are consistent with the provisions of chapter 31. Cf. City of Stamford v. Ballard, 344 S.W.2d 861 (Tex. 1961).

Chapter 31 specifies that, to the extent they are applicable, United States Coast Guard Inland Rules apply to all public waterways (section 31.093), that the negligent or reckless operation of boats is prohibited (section 31.094), that unreasonable or imprudent operation or speed is prohibited (section 31.096), that boats cannot be operated by intoxicated persons (section 31.097), that hazardous wakes must not be created (section 31.098), that circular courses around swimmers or fishermen are prohibited (section 31.099), that markers or ramps may not be interfered with (section 31.100), that the passage of other

boats may not be obstructed (section 31.101), that boats may not be operated within an area restricted "by the department or a political subdivision of the state" (section 31.102), and that they may not be operated as person-towing vessels at certain hours (section 31.103). The duties of a boat operator involved in an accident are also specified. Id. §§31.104, 31.105.

Violations of these regulations are penalized under the new revision of the Parks and Wildlife Code as either Class B or C "Parks and Wildlife Code Misdemeanors" (section 31.127), with punishment ranging from a $25 fine to a fine of $1,000 and a jail term of 180 days. Parks & Wild. Code §12.401 et seq. Any permitted local regulations are required to be consistent with these statutory provisions. Id. §31.092.

The section allowing local regulations (section 31.092) reads:

(a) The governing body of an incorporated city or town, with respect to public water within its corporate limits and all lakes owned by it, may designate by ordinance certain areas as bathing, fishing, swimming, or otherwise restricted areas and may make rules and regulations relating to the operation and equipment of boats which it deems necessary for the public safety. The rules and regulations shall be consistent with the provisions of this chapter.

(b) The commissioners court of a county, with respect to public water within the territorial limits of the county that is outside of the limits of an incorporated city or town or a political subdivision designated in Subsection (c) of this section and that are not lakes owned by an incorporated city or town, may enter an order on its books designating certain areas as bathing, fishing, swimming, or otherwise restricted areas and may make rules and regulations relating to the operation and equipment of boats which it deems necessary for the public safety. The rules and regulations shall be consistent with the provisions of this chapter.

(c) The governing board of a political subdivision of the state created pursuant to Article XVI, Section 59, of the Texas Constitution, for the purpose of conserving and developing the public water of the state, with respect to public water impounded within lakes and reservoirs owned or operated by the political subdivision, may designate by resolution or other appropriate order

certain areas as bathing, fishing, swimming, or otherwise restricted areas and may make rules and regulations relating to the operation and equipment of boats which it deems necessary for the public safety. The rules and regulations shall be consistent with the provisions of this chapter.

(d) A copy of all rules and regulations adopted under this section shall be summarily filed with the department.

(e) No city, town, village, special district, or other political subdivision of the state may impose or collect a fee for the registration or inspection of vessels to be used on public water against the owner or operator of a vessel used on public water. This section does not apply to the Local Sales and Use Tax Act, as amended (Article 1066c, Vernon's Texas Civil Statutes), nor to any launch fees, docking fees, entry fees, or other recreational fees which may be imposed or collected by any political subdivision of the State of Texas for the use of the facilities afforded by any such district to the public. (Emphasis added).

The authority given the commissioners court of a county by subsection (b) of section 31.092 is made ambiguous by its reference to subsection (c). The phrase, "with respect to public water within the territorial limits of the county that is outside of the limits of . . . a political subdivision designated in Subsection (c) of this section" could mean either (1) outside the entire territorial limits of the subdivision or (2) outside the limits of the designated "public water impounded within lakes and reservoirs owned or operated by the subdivision" over which the statute purports to give subdivisions regulatory control. For reasons detailed below, we believe the latter meaning is the one intended.

The Parks and Wildlife Code was a recodification only of prior law, without intended substantive change. Acts 1975, 64th Leg., ch. 545, at 1405, 1805. Chapter 31 is derived from the Water Safety Act, originally enacted in 1959 and codified as article 1722a of the Penal Code (as it then existed). Acts 1959, 56th Leg., ch. 179, at 369, 375. The original act merely prohibited inconsistent local regulations; it did not affirmatively grant regulatory power to local political entities except with respect to "horsepower limits." In 1965, however, the Water Safety Act was amended to read much as subsections (a), (b), and (c) of section 31.092 of the Parks and Wildlife Code read today. Acts 1965, 59th Leg., ch. 676, at 1540.

The policy statement now found in section 31.002 of the Parks and Wildlife Code was couched by the first section of that 1965 act in somewhat different language. It said:

> It is the policy of this State to promote safety
> for persons and property in and connected with the
> use, operation and equipment of vessels and to
> promote uniformity of laws relating thereto.

Acts 1965, 59th Leg., ch. 676, §1, at 1540. We are led by this statement to believe that the legislature intended no gaps in the desired protection. In other words, we do not believe the "local regulations" provisions of section 31.092 of the code (as derived from the Water Safety Act) should be construed to leave the public waters of some areas of the state immune from local boating safety regulations.

Inasmuch as subsection (c) of section 31.092 grants regulatory power to an article XVI, section 59 political subdivision only with respect to impounded public water within lakes or reservoirs owned or operated by it, such a subdivision (a flood control district, for example) has no power under section 31.092 to regulate boats on other public waters that may be located within the territorial confines of the district or other special subdivision. If subsection (b) is read to exclude county regulatory power within any area encompassed by the territorial limits of such a special district, then public waters within such a district not impounded in lakes or reservoirs owned or operated by the district (e.g., creeks, rivers) would not be subject to local safety regulation at all unless they happened to be also located within the limits of a city or town empowered to act under subsection (a). We do not believe that was the legislative intent.

In our opinion, the scheme of section 31.092 of the Parks and Wildlife Code and its statutory predecessors[1] is to provide for, but not mandate, local regulation of boating safety on all public waters within the state. Incorporated cities and towns are given local authority over public waters within their municipal limits and also over lakes owned by them elsewhere; article XVI, section 59 water conservation and development districts are given local authority over

---

1. The Water Safety Act (article 1722a, V.A.C.P.) was again amended in 1971, but without significant change for the "local regulations" provisions at issue here. Acts 1971, 62nd Leg., ch. 971, §20, at 2936. Before the Parks and Wildlife Code was enacted in 1975, a new Penal Code was adopted in 1973, and at that time the Water Safety Act was saved from repeal for transfer without substantive change to the civil statutes (see art. 9206, §20, V.T.C.S., since repealed). Acts 1973, 63rd Leg., ch. 399, at 883, 995.

waters impounded in lakes and reservoirs, wherever located, that are owned or operated by the district; and counties are given local authority over all other public waters located in the counties. The legislature can use municipalities or other political subdivisions to act as administrative agents of the state beyond the territorial confines of the political subdivision. O'Brien v. Amerman, 247 S.W. 270 (Tex. 1922). See Bexar County v. Linden, 220 S.W. 761 (Tex. 1920); City of Galveston v. Posnainsky, 62 Tex. 118 (1884). That, we believe, is the intent of section 31.092 of the Parks and Wildlife Code. The legislature authorized certain local agencies -- that are better equipped to ascertain local safety needs -- to fill up the details of the state laws pursuant to the legislative standards[2] established by chapter 31.

In answer to your first question, therefore, it is our opinion that the commissioners court of Harris County has authority under section 31.092 of the Parks and Wildlife Code to prescribe regulations consistent with chapter 31 thereof governing the speed and operation of boats on the San Jacinto River located within the confines of Harris County -- except where the river is found within the territorial limits of an incorporated city or town, or where its waters are confined within a lake owned by such a city or town or impounded within a lake or reservoir owned or operated by a political subdivision created pursuant to article XVI, section 59, of the Texas

---

2. Inasmuch as the power exercised under section 31.092, in our view, is the power of a state administrative agency rather than that of a political subdivision exercising purely municipal powers, cases involving the latter are not strictly apposite. See Treadgill v. State, 275 S.W.2d 658 (Tex. Crim. App. 1954); City of Austin v. Jamail, 662 S.W.2d 779 (Tex. App. - Austin 1983, writ dism'd). Cf. City of West Lake Hills v. Westwood Legal Defense Fund, 598 S.W.2d 681 (Tex. Civ. App. - Waco 1980, no writ); Attorney General Opinion JM-226 (1984). Of course, the legislature cannot empower one municipality to deprive another of the powers of local self-government conferred by article XI, section 5, of the Texas Constitution, see City of Houston v. City of Magnolia Park, 276 S.W. 685 (Tex. 1925); City of El Paso v. State, 209 S.W.2d 989 (Tex. Civ. App. - El Paso 1947, writ ref'd), and it is elemental that two municipal corporations cannot exercise the same governmental authority over the same area. City of El Paso v. State, supra; City of Galena Park v. City of Houston, 133 S.W.2d 162 (Tex. Civ. App. - Galveston 1939, writ ref'd); City of New Braunfels v. City of San Antonio, 212 S.W.2d 817 (Tex. Civ. App. - Austin 1948, writ ref'd n.r.e.). Cf. V.T.C.S. art 1015, subdiv. 30; art. 1108, subdiv. 1; art. 1182c-1. But we are not faced with those situations here. Cf. City of Pelly v. Harris County Water Control and Improvement District, 198 S.W.2d 450 (Tex. 1946); State ex rel Grimes County Taxpayers Association v. Texas Municipal Power Agency, 565 S.W.2d 258 (Tex. Civ. App. - Houston [1st Dist.] 1978, no writ).

Constitution for the purpose of water development or conservation. We do not believe the establishment by a local authority pursuant to section 31.092 of particular speeds as unsafe, in particular water areas under local control, conflicts with the general prohibition of section 31.096 against the operation of boats at unreasonable or imprudent speeds, or amounts to the exercise of an improper delegation of legislative authority. It merely gives detail to the already-established legislative prohibition. See Texas Liquor Control Board v. Attic Club, Inc., 457 S.W.2d 41 (Tex. 1970); Attorney General Opinion O-5160 (1943). Cf. City of Stamford v. Ballard, supra.

In answer to your second question, we believe the commissioners court has authority to post signs and buoys specifying maximum speed limits so prescribed as an incident of the power to promulgate and enforce such regulations. See Parks and Wild. Code §31.142. Where a right is conferred or an obligation is imposed on a commissioners court, it has a broad discretion to accomplish the purposes intended. Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941).

Your final question asks what law enforcement agencies are authorized to enforce boat speed limits so established by the Harris County Commissioners Court. Section 31.121 of the Parks and Wildlife Code answers the question:

> (a) All peace officers of this state and its political subdivisions and game management officers are enforcement officers for the purposes of this chapter.
>
> (b) The enforcement officers may enforce the provisions of this chapter by arresting and taking into custody any person who commits any act or offense prohibited by this chapter or who violates any provision of this chapter.
>
> (c) Game management officers may assist in the search for and rescue of victims of water-oriented accidents.

This provision lends force to the conclusion that in promulgating regulations pursuant to section 31.092 the legislature intended that local governments act as administrative agents for the state, because it makes violations thereof enforceable by state peace officers as well as local ones.[3] That conclusion is further buttressed by the recent 1985 Parks and Wildlife Code amendment which makes all such

---

3. Local regulations must be filed with the Parks and Wildlife Department. Parks and Wild. Code §31.092(d).

violations of "a city ordinance or order of a commissioners court or a political subdivision of the state made or entered under this chapter" a Class C "Parks and Wildlife Code misdemeanor." Parks and Wild. Code §31.127.  See Acts 1985, 69th Leg., ch. 267, §32, at 1257.

We are not unmindful that the Harris County Commissioners Court is designated as the governing body of the Harris County Flood Control District, a political subdivision created pursuant to article XVI, section 59, of the Texas Construction with territorial boundaries coextensive with the boundaries of Harris County.  See former art. 8280-120 [Acts 1937, 45th Leg., ch. 360, at 714, as amended by Acts 1967, 60th Leg., ch. 631, at 1574, and Acts 1975, 64th Leg., ch. 593, at 1877].  In our opinion, the matter is without significance except that section 31.092 regulations and rules affecting impounded waters in lakes and reservoirs owned or operated by the district must be promulgated by the Harris County Commissioners Court, if at all, in its capacity as the governing body of the district.

## S U M M A R Y

Section 31.092 of the Parks and Wildlife Code, as amended, gives a county commissioners court the power to prescribe rules and regulations consistent with chapter 31 of the code governing the speed and operation of boats on rivers located within the confines of the county except where the rivers are found within the territorial limits of an incorporated city or town, or where river waters are confined within lakes owned by such cities or impounded within lakes or reservoirs owned or operated by a political subdivision created pursuant to article XVI, section 59, of the Texas Constitution for the purpose of water conservation or development.  The county may post signs and buoys specifying such speed limits, and any peace officer of the state or its political subdivisions, or any game management officer, is empowered to enforce the regulations so promulgated.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General